76 F.3d 389
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Scott DALY, Defendant-Appellant.
 No. 95-50002.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 15, 1995.
Decided Jan. 23, 1996.
 
 Before: HALL and NOONAN, Circuit Judges, and SHUBB,* District Judge.
 MEMORANDUM**
 James Scott Daly appeals his sentence of 359 months. Daly challenges the district court's (1) reliance on Sentencing Guideline § 4B1.4, USSG § 4B1.4, in determining his sentence, (2) refusal to order a new presentence report, and (3) use of his prior state juvenile court conviction as a qualifying prior under the Armed Career Criminal Act, 18 U.S.C. § 924(e). We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.
 I.
 In light of the decision in United States v. Canon, 66 F.3d 1073 (9th Cir.1995), decided after the district court's judgment was entered, we are compelled to vacate the sentence and remand the matter for resentencing on the ground that the district court's reliance on USSG § 4B1.4 violated the Ex Post Facto Clause of the Constitution. U.S.C.A. Const. Art. I, § 9, cl. 3.
 Canon explicitly rejected the reasoning of United States v. Tisdale, 7 F.3d 957 (10th Cir.1993). 66 F.3d at 1081. In an earlier decision, this court held that it would be proper to use the 1991 guidelines weight table as an analogue in applying the 1990 guidelines. United States v. Cox, 7 F.3d 1458 (9th Cir.1993). The Canon court, however, distinguished Cox upon the grounds that in that case "it appears that the use of the analogue was not detrimental to the defendants, and no ex post facto issue was raised." 66 F.3d at 1081. Cf. United States v. Innie, 7 F.3d 840, 849 (9th Cir.1993).
 The case before us is indistinguishable from Canon: (1) Daly committed his crime prior to the adoption of the 1990 guidelines, (2) the district court based its departure on the finding that there were aggravating circumstances not taken into account by the guidelines, (3) the district court used USSG § 4B1.4 as a guiding benchmark in sentencing Daly as an armed career criminal, and (4) the district court's use of USSG § 4B1.4 was to the detriment of Daly in that it resulted in a harsher sentence. Canon therefore controls, and the case must be remanded for resentencing.
 II.
 The district court's refusal to order a new presentence report was not error. The district court had ample current and accurate information on which to base its decision. Both sides were given sufficient opportunity and time to file objections to the March 1993 PSR. The requirements of Fed.R.Crim.P. 32(b)(4)(A) and 32(c)(1) were fully satisfied. Additionally, a district court may depart upward from the applicable sentencing range as long as the defendant was given reasonable notice of the ground for departure. Burns v. United States, 501 U.S. 129, 138, 111 S.Ct. 2182, 2187, 115 L.Ed.2d 123 (1991). Such notice was given in this case. See id.; United States v. Martinez-Gonzalez, 962 F.2d 874, 877 (9th Cir.1992).
 The question of whether a new presentence report should be ordered upon remand is left to the discretion of the district court.
 III.
 Daly also argues the district court erred in using his prior state juvenile court conviction as a qualifying prior under the Armed Career Criminal Act ("ACCA"). We find this argument to be without merit.
 Daly was not entitled to collaterally attack his prior state court conviction at the federal sentencing hearing on the ground that the juvenile court acted beyond its jurisdiction by sustaining the delinquency petition once it learned of Daly's insanity. The Supreme Court has unequivocally ruled that, with the sole exception of convictions obtained in violation of the right to counsel, a defendant in a federal sentencing proceeding has no constitutional right to collaterally attack the validity of prior state court convictions used to enhance the sentence under the ACCA. Custis v. United States, 114 S.Ct. 1732, 1734, 128 L.Ed.2d 517 (1994); see also United States v. Morning, 64 F.3d 581, 536 (9th Cir.1995) (holding that "[t]he law does not permit [appellant] to collaterally attack a prior conviction at sentencing, unless it was obtained in derogation of her right to counsel"); United States v. Sanchez, 37 F.3d 1417, 1419 (9th Cir.1994) (applying Custis and holding that where appellant was represented by counsel in his prior state proceeding, he "did not have a statutory or constitutional right to attack the constitutionality" of a previous conviction used for enhancement purposes under the Armed Career Criminal Act).
 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
 
 
 
 *
 Honorable William B. Shubb, United States District Judge for the Eastern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3