**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**James Scott DALY, Defendant–Appellant.**

No. 93–50439.

United States Court of Appeals,
Ninth Circuit.

Submitted June 7, 1994 *.

Decided June 27, 1994.

Michaela C. Curran, San Diego, CA, for defendant-appellant.

Larry A. Burns, Asst. U.S. Atty., San Diego, CA, for plaintiff-appellee.

Before: FARRIS, O'SCANNLAIN, and TROTT, Circuit Judges.

PER CURIAM:

We must decide whether an offender being sentenced as an armed career criminal can

---

* The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34–4.

challenge his previous state convictions at the federal sentencing hearing.[1]

James Scott Daly argues that the district court erred in relying on three previous state convictions when it sentenced him under the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e). The ACCA provides for the enhancement of the sentence of a convicted firearms possessor who has three previous convictions for violent felonies or serious drug offenses. *Id.* at § 924(e)(1).

█ In its recent decision in *Custis v. United States,* — U.S. ——, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), the Supreme Court announced that the ACCA "does not permit [an offender] to use the federal sentencing forum to gain review of his state convictions." *Id.* at —— – ——, 114 S.Ct. at 1739. A sole exception to the prohibition against collateral attack of previous state convictions is for the indigent defendant who was not appointed counsel at his state trial. *Id.* at ——, 114 S.Ct. at 1739. Claims of denial of effective assistance of counsel, where counsel was appointed, and involuntarily pleading guilty do not fall within this exception. *Id.*

█ Daly was not denied appointed counsel at any of his previous three state convictions. Rather, he now seeks to attack the convictions by claiming that his lawyers should have pursued insanity defenses, that he was not adequately advised before pleading guilty, and that he was denied effective assistance of counsel. Under *Custis,* Daly is barred from challenging his state convictions at his federal sentencing.

Daly's challenge to his status as an armed career criminal under the ACCA is

DISMISSED.

---

1. Daly's appeal of other aspects of his sentencing is addressed in a separate memorandum disposition.