UNITED STATES of America, Plaintiff–Appellee,

v.

Edward Martin SANCHEZ, Defendant–Appellant.

UNITED STATES of America, Plaintiff–Appellant,

v.

Edward Martin SANCHEZ, Defendant–Appellee.

Nos. 93–50373, 93–50420.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 2, 1994.*

Decided Oct. 14, 1994.

---

* The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34–4 and Fed.R.App.P. 34(a).

**1418**

Diane McCullough, Deputy Federal Public Defender, Los Angeles, CA, for defendant-appellant.

David Z. Seide, Asst. U.S. Atty., Los Angeles, CA, for plaintiff-appellee.

Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.

### OPINION **

PER CURIAM:

Sanchez was convicted of being a felon in possession of a firearm in violation of 18

** Sanchez's appeal of the district court's denial of his suppression motion and the fine imposed at sentencing is addressed in a separate memorandum disposition.

**1.** 18 U.S.C. § 924(e)(1) provides:

U.S.C. § 922(g). The government sought a sentence enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), which requires a minimum fifteen-year sentence if a defendant found guilty of being a felon in possession of a firearm under 18 U.S.C. § 922(g) has at least three previous convictions for violent felonies.[1] The district court declined to sentence Sanchez under the Act. Two prior qualifying convictions were not disputed. The district court found Sanchez's guilty plea to a 1971 federal manslaughter charge to be constitutionally invalid because Sanchez took a sedative on the day he pleaded guilty and did not consider Sanchez's 1969 federal conviction for threatening the life of the President, which the government raised in a supplemental pleading. The government cross-appeals Sanchez's sentence. We reverse.

■ The Supreme Court recently held a defendant does not have a statutory or constitutional right to collaterally attack the validity of prior state court convictions used for enhancement purposes under the Armed Career Criminal Act on any ground other than the denial of the right to appointed counsel. *Custis v. United States,* —— U.S. ——, —— —— ——, 114 S.Ct. 1732, 1737–39, 128 L.Ed.2d 517 (1994); *see also United States v. Daly,* 28 F.3d 88 (9th Cir.1994). *Custis* is equally applicable in this case to bar collateral attack of Sanchez's federal manslaughter conviction on the basis that his plea was involuntary.

■ The language of the Act does not differentiate between prior federal and state convictions. In interpreting the statutory language, the Supreme Court concluded "Congress did not intend to permit collateral attacks on prior convictions under § 924(e)." *Custis,* —— U.S. at ——, 114 S.Ct. at 1737. In finding an exception for a challenge alleging the denial of the right to counsel, the Court noted federal and state courts have historically treated the right to appointment of counsel as unique. *Id.* at —— —— ——, 114

In the case of a person who violates section 922(g) of this title and has three previous convictions by any court ... for a violent felony ... such person shall be fined not more than $25,000 and imprisoned not less than fifteen years....

S.Ct. at 1737–38 ("There is thus a historical basis in our jurisprudence of collateral attacks for treating the right to have counsel appointed as unique....").  Failure to appoint counsel creates a jurisdictional defect rendering the conviction invalid.  *Id.* at ——, 114 S.Ct. at 1737.  The Court declined to extend the right to collaterally attack a conviction used for sentence enhancement beyond the right to have appointed counsel, concluding that other constitutional challenges, such as claims that a guilty plea was involuntary, did not rise to the level of a jurisdictional defect.  *Id.* at ——, 114 S.Ct. at 1738.

Sanchez was represented by counsel.  He did not have a statutory or constitutional right to attack the constitutionality of his 1971 federal manslaughter conviction.  Because Sanchez is barred from challenging his 1971 conviction, we need not decide whether the district court erred by failing to consider the 1969 conviction.

**VACATED and REMANDED FOR RESENTENCING.**