50 F.3d 17
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Charles GRIGGS, Defendant-Appellant.
 No. 93-30277.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 2, 1994.
Decided Jan. 4, 1995.
 
 Appeal from the United States District Court, for the Eastern District of Washington, D.C. No. CR-92-0201-AAM; Alan A. McDonald, District Judge, Presiding.
 E.D.Wash. [WITHDRAWING AND SUPERSEDING 33 F.3d 60]
 MOTION GRANTED.
 Before: ALARCON, BEEZER, and KLEINFELD, Circuit Judges.
 
 ORDER
 
 1
 The motion of appellant Michael Charles Griggs made by and through Vito de la Cruz, his attorney, requesting us to vacate and reissue the memorandum decision is granted. The memorandum disposition filed August 15, 1994 is withdrawn and the mandate issued herein is recalled.
 
 
 2
 The memorandum disposition is ordered refiled as of the date of this order and thereafter the mandate shall issue forthwith.
 
 
 3
 Petitions to vacate and reissue a disposition or to recall a mandate are disfavored. Such motions are granted by this court upon showing of extraordinary circumstances only. Zipfel v. Halliburton Co., 861 F.2d 565, 567-68 (9th Cir.1988). We admonish counsel that repeated failure to timely file a petition for a writ of certiorari with the Supreme Court of the United States upon the timely request of a criminal defendant may lead to disciplinary proceedings against counsel in this court.
 
 
 4
 Before: ALARCON, BEEZER, and KLEINFELD, Circuit Judges.
 
 
 5
 MEMORANDUM*
 
 
 6
 Michael Charles Griggs appeals his jury conviction of attempted armed bank robbery, assault of a federal officer, using or carrying a firearm in relation to a crime of violence, and being a felon in possession of a firearm. He argues that the district court erred in denying his motion to dismiss for outrageous government conduct, in denying his motion to consolidate charges for trial, and in denying his motion to suppress his confession. He further argues that there was insufficient evidence to convict him of assault and that he was improperly sentenced as a career offender. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 7
 * Griggs argues that the indictment should have been dismissed based on the outrageous conduct of the arresting FBI agents. He asserts that the agents arranged a potentially explosive ambush of Griggs, placing the lives of innocent bystanders and their own informant at risk, when they could have arrested him in a more controlled environment. Griggs argues that the agents should have arrested him earlier on the day of the robbery, when they knew he likely possessed a firearm.
 
 
 8
 A motion to dismiss because of outrageous government conduct may be predicated on the alternative grounds of a violation of due process or an exercise of the court's supervisory powers. United States v. Restrepo, 930 F.2d 705, 712 (9th Cir.1991). We review de novo the district court's denial of a motion to dismiss the indictment on due process grounds. Id. We review for abuse of discretion the court's denial of the motion directed to its supervisory power. Id. We review for clear error the district court's factual findings. Id.
 
 
 9
 The theory that an indictment may be dismissed for the outrageous conduct of the government stems from the Supreme Court's decision in United States v. Russell, 411 U.S. 423 (1973). The Court there analyzed a species of entrapment defense predicated on the notion that the level of government involvement in an offense may be so great as to offend due process, even if the defendant was criminally predisposed. The Court acknowledged that "we may some day be presented with a situation in which the conduct of law enforcement agents is so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction...." Id. at 431-32.
 
 
 10
 We have since explained that a claim of outrageous conduct differs from the defense of entrapment in that entrapment focuses on the intent or predisposition of the defendant, while outrageous conduct focuses on the actions of the government. Restrepo, 930 F.2d at 712. But the two concepts are not entirely unrelated; as we noted in United States v. Bogart, 783 F.2d 1428, 1436 (9th Cir.1986), the outrageous conduct defense has succeeded only when "the government essentially manufactured the crime."
 
 
 11
 We will dismiss an indictment for violation of a defendant's due process rights only when the government's conduct is "so grossly shocking and so outrageous as to violate the universal sense of justice. The Government's involvement must be malum in se or amount to the engineering and direction of the criminal enterprise from start to finish. The police conduct must be repugnant to the American system of justice." United States v. Smith, 924 F.2d 889, 897 (9th Cir.1991) (internal citations and quotations omitted).
 
 
 12
 Griggs' argument that the agents behaved so outrageously as to deny him due process is wholly without merit. The conduct of the agents here bears no resemblance to the type of conduct anticipated by our decisions on this issue. The government agents did not manufacture this crime. Rather, they allowed Griggs to take a substantial step toward his intended goal of committing armed bank robbery. There is no support for the proposition that Griggs' due process rights were violated when the officers declined to prevent him from carrying out his plan by arresting him sooner.
 
 
 13
 Nor is there any authority for the proposition that a defendant's due process rights are violated when officers fail to arrest him immediately upon gaining probable cause that the defendant has committed some crime.[1] As the Supreme Court has explained:
 
 
 14
 There is no constitutional right to be arrested. The police are not required to guess at their peril the precise moment at which they have probable cause to arrest a suspect, risking a violation of the Fourth Amendment if they act too soon, and a violation of the Sixth Amendment if they wait too long. Law enforcement officers are under no constitutional duty to call a halt to a criminal investigation the moment they have the minimum evidence to establish probable cause, a quantum of evidence which may fall far short of the amount necessary to support a criminal conviction.
 
 
 15
 Hoffa v. United States, 385 U.S. 293, 310 (1966). Although Hoffa does not directly address a due process argument, the rationale controls. We will not second-guess the officers' decision not to arrest Griggs until he entered the bank.
 
 
 16
 The district court did not err in denying Griggs' motion to dismiss for outrageous government conduct or in declining to exercise its supervisory powers in the manner he suggested.
 
 II
 
 17
 Griggs argues that the district court erred in severing trial on the count of being a felon in possession of a firearm from trial on the other counts. He argues that he was entitled to have all counts consolidated for trial. We review for abuse of discretion the district court's determination that these counts should be severed. United States v. Lewis, 787 F.2d 1318, 1321 (9th Cir.1986).
 
 
 18
 * The government argues that Griggs waived the issue of severance both by agreeing in August, 1992 that severance was appropriate, and by failing to move to reconsolidate the counts for trial until January 13, 1993, just two business days prior to trial. We agree. The district court ordered that pretrial motions be filed no later than October 8, 1992. We see no abuse of discretion in denying an untimely motion to reconsolidate the counts for trial, particularly given that the district court severed the counts to protect Griggs' right not to be prejudiced by the admission of evidence of his prior convictions. See Lewis, 787 F.2d at 1321-23.
 
 B
 
 19
 Nor can we agree that Griggs has stated an overarching concern arising out of his Sixth Amendment right to confront the witnesses against him. Griggs argues that the felon-in-possession count should have been consolidated with the other counts for two reasons: (1) the evidence of his prior convictions was relevant to Griggs' defense on the assault charge that the agents' fear of him was unreasonable, and (2) the evidence was necessary to his "defense" of jury nullification. Both of these arguments are tied to Griggs' claim that the agents behaved outrageously in not arresting him before he entered the bank. Neither has merit.
 
 
 20
 The right to cross examine witnesses is not unlimited. United States v. Torres, 937 F.2d 1469, 1473 (9th Cir.1991), cert. denied, 112 C.Ct. 886 (1992). The district court retains "wide latitude insofar as the Confrontation clause is concerned to impose reasonable limits" on cross-examination, considering the potential for, among other things, confusion of the issues and interrogation that is only marginally relevant. Id. It is within the broad discretion of the district court to determine which issues are relevant to the trial. Id.
 
 
 21
 Griggs proposed to cross-examine the agents concerning their knowledge of his prior convictions to show either that they did not truly fear him or that their fear of him was unreasonable, given that they could have arrested him prior to his entering the bank. Griggs' prior convictions are not probative of whether the agents reasonably feared him when he revealed the semi-automatic pistol. Because Griggs might have resisted arrest anywhere the agents attempted to apprehend him, the risk of assault with a deadly weapon was present regardless of where the agents tactically deployed to make an arrest. Their knowledge of Griggs' prior convictions thus has no bearing on whether the agents increased their own risk by waiting for Griggs to enter the bank. A defendant has no right to introduce irrelevant evidence to support his defense theory. United States v. Ibarra, 3 F.3d 1333, 1335 (9th Cir.1993), cert. denied, 114 S.Ct. 1327 (1994). The district court did not abuse its discretion in refusing to allow Griggs' proposed line of cross-examination, given its potential for confusion and prejudice.
 
 
 22
 We also reject Griggs' assertion that the district court impermissibly interfered with his right to encourage the jury to exercise its power of nullification. Although we have long recognized that juries have the power to acquit a defendant regardless of the evidence of his guilt, see United States v. Simpson, 460 F.2d 515, 518-19 (9th Cir.1972), we have never recognized a right held by defendants to seek such a verdict, see United States v. Powell, 955 F.2d 1206, 1213 (9th Cir.1991). As Griggs has no right to seek jury nullification, he has no right to present evidence relevant only to such a defense. Cf. Zal v. Steppe, 968 F.2d 924, 930 (9th Cir.) (Trott, J., concurring), cert. denied, 113 S.Ct. 656 (1992). The district court did not interfere with Griggs' right to maintain a legal defense.
 
 III
 
 23
 Griggs argues that the district court erred in admitting evidence of statements he made to FBI agents in his hospital room. He asserts that the statements were inadmissible under 18 U.S.C. Sec. 3501(c) due to pre-arraignment delay.
 
 
 24
 Fed.R.Crim.P. 5(a) provides that an arrested person shall be arraigned before a magistrate "without unnecessary delay." Under 18 U.S.C. Sec. 3501(c), a confession obtained during a period of unnecessary delay may be inadmissible. Section Sec. 3501(c) provides that a confession shall not be inadmissible solely because of delay in bringing the defendant before a magistrate if "such confession was made or given by such person within six hours immediately following his arrest or other detention." It further provides that the six-hour time limitation shall not apply when the pre-arraignment delay is "reasonable considering the means of transportation and the distance to be traveled to the nearest available such magistrate or other officer."
 
 
 25
 Griggs was arrested at approximately 12:30 p.m. on July 1, 1992. He was transported immediately to a hospital and was in surgery for his gunshot wounds for several hours. The following morning, Magistrate Judge Imbrogno appointed counsel and informed him that "Mr. Griggs presently is heavily sedated and awaiting a second surgery." Also that morning, at approximately 8:00 am, FBI agents interviewed Griggs for about fifteen minutes. The magistrate went to the hospital at approximately 1:30 pm to conduct Griggs' initial appearance.
 
 
 26
 The delay between Griggs' arrest and his initial appearance was approximately 25 hours and the interview with the FBI agents occurred more than six hours after Griggs' arrest. Griggs argues that this statement is inadmissible due to the delay in his initial appearance. We reject this argument both because Griggs waived it by not filing a timely motion to suppress the statement and because any error in admitting the statement was harmless.
 
 
 27
 * Griggs argues first that the district court erred in denying his request for an evidentiary hearing on his suppression motion. We review for abuse of discretion the district court's decision not to hold an evidentiary hearing. United States v. Mejia, 953 F.2d 461, 465 (9th Cir.1991), cert. denied, 112 S.Ct. 1983 (1992).
 
 
 28
 The record demonstrates that Griggs did not seek an evidentiary hearing until the morning of trial. The district court determined that such a hearing would require testimony from Magistrate Judge Imbrogno, who was in Spokane, Washington, and from the FBI agents in Seattle. The district court further found that the request for an evidentiary hearing was untimely. The district court did not abuse its discretion in denying the hearing. See United States v. Maher, 645 F.2d 780, 783 n. 1 (9th Cir.1981).
 
 B
 
 29
 Griggs also argues that he was entitled to raise the suppression issue on the morning of trial. This argument has no merit.
 
 
 30
 Griggs was indicted July 9, 1992. The district court ordered that pretrial motions be filed no later than October 8, 1992. Griggs filed two motions related to the hospital-room questioning: a motion for production of the tape recording of the interview, and a motion for leave to consider filing a motion to suppress Griggs' statements after counsel reviewed the tape recording and any written waiver of rights.
 
 
 31
 The district court heard the pretrial motions on October 16, 1992. The court denied the motion for production of the tape as moot, because there was no tape recording of the meeting. The government did produce the signed, written waiver of rights. The district court denied with leave to renew the motion for leave to consider filing a motion to suppress. Griggs filed no further motion to suppress his statements. He waited until the morning of trial to move for suppression on that basis that Sec. 3501(c) had been violated.
 
 
 32
 The district court did not err in refusing to suppress the statements. Fed.R.Crim.P. 12 provides that failure to move for suppression of evidence at the time established by the court waives any objections to admission. United States v. Gonzales, 749 F.2d 1329, 1336 (9th Cir.1984); see also, United States v. Maher, 645 F.2d at 783 & n. 1 (holding defendant waived objection to admission of evidence under Sec. 3501 by failing to timely move for suppression); United States v. Wood, 550 F.2d 435, 439 (9th Cir.1976).
 
 
 33
 There was no excuse for not making a timely motion on the Sec. 3501(c) claim. Griggs possessed, prior to the October 8 motions deadline, all of the information necessary to support a motion suppress his hospital-room statements under Sec. 3501(c). The Sec. 3501(c) challenge focuses on the reasonableness of the delay between arrest and arraignment. Griggs' counsel was aware of the time of his arrest, the time of his statements, and the time of his arraignment. Nothing more was necessary to make the motion and secure a hearing on the issue.
 
 
 34
 The district court's grant of leave to renew on Griggs' motion for leave to consider filing a motion to suppress does not change the analysis. Griggs' motion for leave to consider filing a motion to suppress was premised on the theory that the statements might not have been voluntary. A further motion to suppress on this basis might have been filed at any time after October 16, the date on which the government produced the written waiver of rights. Thus, even if Griggs believed the written waiver of rights was relevant to determining whether there was pre-arraignment delay, which it was not, he was in possession of all of the necessary information to make such a motion on October 16. No explanation of the delay between October 16 and January 19 was ever offered. We hold that the district court did not err in admitting the statements.
 
 IV
 
 35
 Griggs argues that there was insufficient evidence to convict him of assault on a federal officer because the evidence demonstrated only that Griggs' weapon was revealed as he attempted to exit the bank. This argument has no merit.
 
 
 36
 We review the sufficiency of the evidence in the light most favorable to the government to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Spears, 631 F.2d 114, 117 (9th Cir.1980). "[A]n assault is committed by either a willful attempt to inflict injury upon the person of another, or by a threat to inflict injury upon the person of another which, when coupled with an apparent present ability to do so, causes a reasonable apprehension of immediate bodily harm. United States v. Dupree, 544 F.2d 1050, 1051 (9th Cir.1976). The government is not required to prove the defendant intended to injure the federal officer. United States v. Sanchez, 914 F.2d 1355, 1358 (9th Cir.1990), cert. denied, 499 U.S. 978 (1991). Nor must the government demonstrate that any particular level of force was used; a defendant may be convicted under Sec. 111 "if he or she uses any force whatsoever against a federal officer." United States v. Sommerstedt, 752 F.2d 1494, 1496 (9th Cir.), cert. denied, 474 U.S. 851 (1985). The flourishing, showing, or pointing of a firearm would be sufficient to constitute an assault. Cf. United States v. Brannon, 616 F.2d 413, 419 (9th Cir.), cert. denied, 447 U.S. 908 (1980).
 
 
 37
 Here, there was ample evidence from which the jury could find that Griggs lowered the garbage bag he was carrying and displayed his weapon when the agents ordered him to freeze. The jury could have interpreted the evidence as demonstrating that the weapon was revealed inadvertently, as Griggs suggests, but it did not.
 
 V
 
 38
 Griggs argues that the district court erred in finding that he was a career offender pursuant to U.S.S.G. Sec. 4B1.1 and an armed career criminal pursuant to 18 U.S.C. Sec. 924(e) and U.S.S.G. Sec. 4B1.4 because his prior convictions were constitutionally infirm. The district court sentenced Griggs to the mandatory minimum 15 years for the violation of Sec. 924(e).
 
 
 39
 The Supreme Court recently held that "Sec. 924(e) does not permit [an offender] to use the federal sentencing forum to gain review of his state convictions." Custis v. United States, 114 S.Ct. 1732, 1739 (1994); see also United States v. Daly, --- F.3d ----, 1994 WL 280283 (9th Cir. June 27, 1994) slip op. at 6883. The single exception to this bar is a collateral attack based on an indigent defendant's deprivation of the right to appointed counsel. Custis, 114 S.Ct. at 1738. Griggs does not allege he was deprived of the right to appointment of counsel. We therefore reject this argument.
 
 VI
 
 40
 We affirm Griggs' conviction and sentence.
 
 
 41
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The government argues that it may not have had probable cause to arrest Griggs at the time the agents were informed that he had a firearm. We need not address this issue, however, because Griggs has not persuaded us that his due process rights would be violated by the agents' failure to arrest him as soon as probable cause is established