**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Leonardo RICARDO, Defendant–
Appellant.**

No. 94–10244.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 1995.*

Decided March 13, 1996.

* The panel unanimously finds this case suitable for disposition without oral argument. Fed. R.App.P. 34(a); 9th Cir.R. 34–4.

David McNeil Morse, San Francisco, California, for defendant-appellant.

Anne E. Kenner, Assistant United States Attorney, San Francisco, California, for plaintiff-appellee.

Before WALLACE and THOMPSON, Circuit Judges, and REA, District Judge.**

REA, District Judge:

Appellant Leonard Ricardo appeals his sentence for two counts of firearms possession in violation of 18 U.S.C. § 922(g)(1). Ricardo contends that his attorney at sentencing failed to provide effective assistance of counsel in not challenging prior convictions that were used to enhance his sentence under 18 U.S.C. § 924(e)(1). The government contends that Ricardo's challenge is barred by the retroactive application of the Supreme Court's decision in *Custis v. United States*, — U.S. ——, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994). We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.

## I

## BACKGROUND

On October 27, 1988, appellant Leonard Ricardo pled guilty on two counts associated with firearms possession. Count One charged Ricardo with being in possession of a .45 caliber revolver on July 22, 1987, having previously been convicted "on three occasions for violent felonies" in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).[1] Count Two charged Ricardo with possession of an Uzi semi-automatic carbine on February 18, 1988, in violation of 26 U.S.C. § 5861.[2] Count One provides for a fifteen-year minimum penalty, and Count Two carries a maximum ten-year

---

** The Honorable William J. Rea, United States District Judge for the Central District of California, sitting by designation.

1. 18 U.S.C. § 922(g)(1) states that

 [i]t shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 924(e)(1) states that

[i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years. . . .

2. 26 U.S.C. § 5861(b) states, in pertinent part,

 [i]t shall be unlawful for any person . . . to receive or possess a firearm transferred to him in violation of the provisions of this chapter.

sentence. 18 U.S.C. § 924(e)(1); 26 U.S.C. § 5871.

At the time of Ricardo's tender of plea, the district court inquired about the particular felony convictions to which he admitted for the purposes of Count One. Ricardo's counsel stipulated that Ricardo had been convicted of three prior felonies: robbery in 1970, robbery in 1975, and second-degree murder in 1979. Ricardo, through his counsel, reserved his right to attack collaterally before sentencing the constitutionality of the prior convictions that would form the basis for an enhanced penalty under 18 U.S.C. § 924(e)(1).

At sentencing, Ricardo's attorney did not challenge the validity of the prior convictions. The government recommended the minimum sentence under the applicable criminal statutes: a fifteen year sentence on Count One, to be followed by a probationary term on Count Two. The district court ultimately rejected the government's sentencing recommendation, however. Judge Patel found that Ricardo's criminal history and the nature of the crimes involved required a more severe sentence, and imposed a twenty-year term on Count One, and a consecutive ten-year term on Count Two.

On April 20, 1989, defense counsel filed, pursuant to Federal Rule of Criminal Procedure 35, a "Motion to Correct Illegal Sentence, or in the Alternative, to Reduce Sentence." In that motion, Ricardo argued that his sentence enhancement on Count One pursuant to 18 U.S.C. § 924(e)(1) was based on constitutionally infirm convictions. Ricardo contended that a sentence enhancement may not be based on constitutionally infirm prior convictions, citing *Burgett v. State of Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967) and *United States v. Clawson*, 831 F.2d 909, 914 (9th Cir.1987), *cert. denied*, 488 U.S. 923, 109 S.Ct. 303, 102 L.Ed.2d 323 (1988). The motion did not raise an ineffective assistance of counsel claim based on defense counsel's failure to challenge Ricardo's prior convictions at sentencing. Judge

Patel ultimately issued an order denying Ricardo's motion.

## II.

### DISCUSSION

Ricardo's ineffective assistance claim has two elements: first, he argues that his defense attorney was deficient in not objecting to the constitutionality of the prior convictions at or before his sentencing; second, Ricardo contends that his attorney was deficient in failing to raise an ineffective assistance of counsel claim on his behalf in the post-sentence Rule 35 motion premised upon his own failure to object to the prior convictions at sentencing.[3] Ricardo seeks a remand to the district court so that it can consider his challenges to the prior convictions. The government opposes the appeal primarily on the grounds that the Supreme Court's recent decision in *Custis v. United States*, —— U.S. ——, 114 S.Ct. 1732, 128 L.Ed.2d 517, operates retroactively to preclude such challenges to prior convictions in Ricardo's case.

Federal law makes it a crime for any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess, transport, or receive any firearm or ammunition. 18 U.S.C. § 922(g)(1). The Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA") raises the penalty for a crime under § 922(g)(1) from a maximum of 10 years in prison to a mandatory minimum sentence of 15 years if the defendant "has three previous convictions ... for a violent felony or serious drug offense." 18 U.S.C. § 924(e); *Custis*, —— U.S. at ——, 114 S.Ct. at 1734.

Prior to the *Custis* decision, the Supreme Court had held that defendants could collaterally attack prior convictions when faced with a sentence enhancement statute. *See Burgett*, 389 U.S. 109, 88 S.Ct. 258; *Clawson*, 831 F.2d 909. The *Burgett* Court reasoned that allowing convictions obtained in violation of a constitutional right to be used against a defendant either to support guilt or to en-

---

**3.** Ricardo attributes this failure to a "conflict of interest" inherent in the attorney's reluctance to damage his professional reputation by claiming his own ineffective assistance as a basis for the subsequent Rule 35 motion.

hance punishment for another offense would erode the principles on which the right was based. *Burgett,* 389 U.S. at 115, 88 S.Ct. at 262.

In *Custis v. United States,* decided May 23, 1994, the Supreme Court reviewed a sentence enhancement under § 924(e) of the ACCA, the same provision at issue in the instant case. *Custis,* —— U.S. at —— - ——, 114 S.Ct. at 1734–35. The district court in *Custis,* in imposing an enhanced penalty under § 924(e)(1), had determined that it could not entertain the defendant's challenges to his prior convictions because of the absence of any statutory provision in § 924(e)(1) providing for such challenges. *Id.* at ——, 114 S.Ct. at 1735. The Fourth Circuit, in affirming the sentence, held that collateral challenges at sentencing are not permitted except in cases where complete deprivation of counsel is alleged, and noted that "federal courts are not forums in which to relitigate state trials." *United States v. Custis,* 988 F.2d 1355, 1361 (4th Cir.1993). The court cited the administrative burdens, the risk of delay to the entire sentencing process, and concerns of federalism and comity to support its holding. *Id.*

The Supreme Court affirmed. The Court examined the language and structure of the ACCA and found that it did not expressly or impliedly authorize collateral attacks for constitutional errors before prior convictions could be counted.[4] *Custis,* —— U.S. at —— - ——, 114 S.Ct. at 1735–36. In addition, the presence of explicit statutory authorization for similar collateral attacks in other related statutes led the Court to conclude that Congress would have made such a provision explicit in the ACCA had it intended such challenges to be available.[5] *Id.* at ——, 114 S.Ct. at 1736.

The Supreme Court also rejected the petitioner's argument that the Constitution itself required allowing collateral challenges to prior convictions at sentencing. The Court examined its precedent and found that only the Sixth Amendment right to appointed counsel for indigent defendants, as articulated in *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), appeared to possess the "jurisdictional significance" sufficient to bestow a right to attack collaterally prior convictions used for sentence enhancement.[6] *Custis,* —— U.S. at —— - ——, 114 S.Ct., at 1737–38. The Court stated emphatically that it declined to extend the right to make such attacks beyond violation of the *Gideon* right, which it found to be a "unique constitutional defect." *Id.* at ——, 114 S.Ct. at 1738. Thus, the Court held that the petitioner in *Custis* had no right at sentencing to attack collaterally his prior convictions on the grounds that he was denied effective assistance of counsel, that his guilty plea was not knowing and intelligent, and that he had not been adequately advised of his rights before making certain decisions regarding his trial. *Id.* at ——, 114 S.Ct. at 1738.

This court has since recognized and adopted the holding of *Custis* in numerous cases involving the ACCA. *E.g., United States v. Daly,* 28 F.3d 88 (9th Cir.1994); *United States v. Fondren,* 54 F.3d 533 (9th Cir.1994), *cert. denied,* —— U.S. ——, 116 S.Ct. 265, 133 L.Ed.2d 188 (1995); *United States v. Sanchez,* 37 F.3d 1417 (9th Cir. 1994); *Clawson v. United States,* 52 F.3d 806

---

4. The Supreme Court found that language in the ACCA stating that "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter," created a clear negative implication that courts may count a conviction that has not actually been set aside. *Custis,* —— U.S. at ——, 114 S.Ct. at 1736, 18 U.S.C. § 921(a)(20).

5. The Supreme Court referred to a section of the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 851(c), which contains specific procedures to allow a defendant to challenge the validity of a prior conviction used

to enhance the sentence for a federal drug offense. *Custis,* —— U.S. at ——, 114 S.Ct. at 1736. In addition, the Court referred to the portion of 18 U.S.C. § 3575(e) covering prosecution of "dangerous special offenders" which provides for challenges to the validity of prior convictions. *Id.*

6. The Court found that there is a "historical basis in [its] jurisprudence of collateral attacks for treating the right to have appointed counsel as unique, perhaps because of [the] oft-stated view that '[t]he right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel.'" *Custis,* —— U.S. at —— - ——, 114 S.Ct. at 1737–38.

(9th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 252, 133 L.Ed.2d 177 (1995) (dealing with earlier version of ACCA). Even though *Custis* dealt with § 924(e) of the ACCA rather than the Sentencing Guidelines, this court has chosen to import its holding to cases involving enhanced sentences under the Guidelines as well. *E.g., United States v. Alexander,* 48 F.3d 1477 (9th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 210, 133 L.Ed.2d 142 (1995); *United States v. Price,* 51 F.3d 175 (9th Cir.1995); *United States v. Burrows,* 36 F.3d 875 (9th Cir.1994).

An application of *Custis* to this case finds Ricardo's sentence squarely within the holding of that decision. Under *Custis,* Ricardo has no statutory right to make collateral challenges to prior convictions to avoid enhanced sentencing under the ACCA. Ricardo also clearly has no independent constitutional right after *Custis* to make such challenges, except for lack of counsel in violation of the Sixth Amendment. Ricardo's post-sentence motion before the district court contended that his prior state convictions were constitutionally infirm because they were based on involuntary guilty

pleas. This basis for challenge does not fall within the *Custis* exception for *Gideon* violations of the right to appointed counsel. Thus, the *Custis* holding and its subsequent adoption by this court dictate that appellant here had no right at sentencing to make the collateral challenges he proposes.[7]

Apparently conceding the import of *Custis* outlined above, Ricardo nonetheless urges this court to disregard the *Custis* holding in the instant case. Ricardo contends that at the time of his offense,[8] and thus that *Custis* should not apply retroactively. Although Ricardo does not point to any cases finding *Custis* to be nonretroactive, and this court's research has uncovered none, he asserts that *Custis* itself is silent as to its own retroactivity, and cites this court's decision in *United States v. Goodheim,* 651 F.2d 1294 (9th Cir.), *reh'g denied,* 664 F.2d 754 (1981), to support his proposition that the *Custis* holding should not be applied to him.

The defendant in *Goodheim* was charged with a violation of former 18 U.S.C.App. § 1202(a)(1).[9] *Goodheim,* 651 F.2d at 1295–1296. Section 1202(a)(1) made it a crime for

---

**7.** Additional concerns noted by the *Custis* Court as bases for its constitutional holding are also relevant here. *Custis* discusses ease of administration and the interest in promoting the finality of judgments as factors weighing against permitting collateral attacks for constitutional violations beyond the right to appointed counsel. The Court noted that, in many cases, failure to appoint counsel would generally appear from a court's judgment roll or minute order, while claims of ineffective assistance of counsel or involuntary guilty pleas would require sentencing courts to "rummage through" state court transcripts. *Custis,* —— U.S. at ——, 114 S.Ct. at 1738. This is a task better suited to state courts of appeal or federal and state habeas courts. *See id.* (noting that petitioner could attack state sentences through state courts or federal habeas review). The interest in minimizing judicial burdens recognized in *Custis* applies with equal weight in this case.

In addition, challenging a state court conviction at the time of federal sentencing tends to "delay and impair the orderly administration of justice," by undermining the finality of state court judgments in a proceeding that has a purpose independent from that of overturning the prior judgments. *Id.* The *Custis* Court noted that the interest in finality of state court judgments is even greater where the prior convictions are based on guilty pleas, since when a guilty plea is at issue "the concern with finality served

by the limitation on collateral attack has special force." *Id.* (quoting *United States v. Timmreck,* 441 U.S. 780, 784, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979)). This is presumably because judicial economy is furthered by the prompt and final disposition of cases in which guilt is not at issue. In this case, the state court convictions Ricardo seeks to challenge arose from guilty pleas, and the interest in assuring finality of judgments is therefore no less compelling here than it was is *Custis.*

**8.** We note that the only decision cited by Ricardo that specifically supports his claim that pre-*Custis* Ninth Circuit law permitted such challenges under the ACCA, *United States v. Clawson,* 831 F.2d 909 (9th Cir.1987), *cert. denied,* 488 U.S. 923, 109 S.Ct. 303, 102 L.Ed.2d 323 (1988), actually came down after Ricardo's offense (although before the time of his sentencing). Thus, we understand Ricardo to be making an implicit argument *in favor* of retroactivity with regard to the rule announced in *Clawson.* In addition, it should be noted that *Clawson* dealt with the penalty enhancement provision in 18 U.S.C.App. § 1202(a), which was repealed in 1986, rather than 18 U.S.C. § 924(e)(1).

**9.** 18 U.S.C.App. § 1202(a) is one of the predecessors to the current felon-in-possession-of-a-firearm statute. *Custis,* —— U.S. at ——— ———, 114 S.Ct. at 1736–37.

any person who has been convicted of a felony to possess a firearm. *Id.* at 1295 n. 1, 1296. The defendant moved before trial to strike a state felony conviction, which served as the predicate conviction for all counts in the federal indictment, on the grounds that he had not been represented by counsel and that he had not been informed of his rights. *Id.* at 1296. The district court denied the motion, following the Supreme Court's decision in *Lewis v. United States,* 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980), even though the alleged transactions had occurred in 1977 before *Lewis* was decided. *Goodheim,* 651 F.2d at 1296 n. 3. *Lewis* held that a constitutionally infirm felony conviction could be used as a predicate offense for 18 U.S.C.App. § 1202(a)(1). *Lewis,* 445 U.S. 55, 100 S.Ct. 915; *Custis,* —— U.S. at ——, 114 S.Ct. at 1736. *Lewis* had effected a virtual "reversal" of the law in this circuit. *Goodheim,* 651 F.2d at 1297.

On appeal, this court refused to apply the *Lewis* decision retroactively. We noted in *Goodheim* that the strictures of the Due Process Clause apply to judicial decisions, and that defendants have a right to "fair warning of conduct which is criminally culpable." [10] *Id.* In addition, we found that "[w]here we have overruled a prior decision in such a manner as to expand the scope of potential criminal liability, we have applied the new rule prospectively," and concluded that the same principle applies when a rule of this circuit is subsequently overruled by the Supreme Court. *Id.*

Ricardo's invocation of *Goodheim* is unavailing, however. Our holding in *Goodheim* was based specifically on the proposition, taken from the earlier Supreme Court decision in *Marks v. United States,* 430 U.S. 188, 97 S.Ct. 990, 51 L.Ed.2d 260 (1977), that retroactive application of a new rule enlarging the scope of criminal liability violated the Due Process Clause. *Goodheim,* 651 F.2d at 1297. *Custis* does not expand the scope of criminal liability. Instead, it merely restricts the avenues a defendant may pursue to prevent enhancement of a sentence under 18 U.S.C. § 924(e)(1) based on extant prior convictions, once criminal liability is no longer an issue.[11] See *Custis,* —— U.S. at ——, 114 S.Ct. at 1739 (stating "[w]e therefore hold that § 924(e) does not permit Custis to use the federal sentencing forum to gain review of his state convictions"); *United States v. Burnom,* 27 F.3d 283 (7th Cir.1994) (applying *Custis* retroactively and stating that "*Custis* did not make punishable any conduct that was previously legal").

Neither Ricardo's Rule 35 motion before the district court, nor his appeal before this court, makes any attack on the district court's finding of criminal liability under 18 U.S.C. § 922(g)(1) (possession of a firearm by a felon). Nor could Ricardo make such a claim, since the district court's finding of liability under § 922(g)(1) was based on a voluntary plea that he does not challenge. Ricardo's challenges both before the district court and on this appeal are limited to the imposition of his sentence under § 924(e)(1).[12] A holding that Ricardo had no right to challenge his prior convictions at sentencing does not enlarge the scope of criminal liability applied to his conduct. Retroactive application of *Custis* in this case thus does not offend the Due Process Clause under our analysis in *Goodheim.*

We find considerable support for the proposition that *Custis* should be applied retroactively to this case. As an initial matter, it appears that the *Custis* decision contained an implicit holding as to its retroactivity, since it was applied to Custis himself. See *United States v. Killion,* 30 F.3d 844, 846 (7th Cir.

---

10. *Goodheim* noted that the *Ex Post Facto* clause, which also provides a basis for barring retroactive application of rules that expand criminal liability, applies only to legislative acts and does not apply to judicial decisions. *Goodheim,* 651 F.2d at 1297.

11. This court has already concluded that § 924(e) is a sentence enhancement provision, not a separate statutory offense for which liability must be shown at trial. *United States v. Dunn,*

946 F.2d 615, 619 (9th Cir.), *cert. denied,* 502 U.S. 950, 112 S.Ct. 401, 116 L.Ed.2d 350 (1991).

12. Ricardo's Rule 35 motion asserted that the district court's use of the prior convictions for sentence enhancement under 18 U.S.C. § 924(e)(1) was improper. Similarly, Ricardo contends on this appeal only that his rights were violated by his counsel's failure to challenge his prior convictions at sentencing.

1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 954, 130 L.Ed.2d 896 (1995) (noting significance of the retroactivity of *Custis* to Custis's case). Further, it is unclear that *Custis*'s holding is significantly more than a "logical application" of the Supreme Court's earlier decision in *Lewis v. United States*, 445 U.S. 55, 100 S.Ct. 915, referred to above. *Burnom*, 27 F.3d at 284. In *Lewis*, the Supreme Court declined to recognize either a statutory or constitutional right to challenge collaterally prior convictions in subsequent federal prosecutions for possession of a firearm by a felon under a predecessor to the current felon-in-possession-of-a-firearm statute. *See Lewis*, 445 U.S. 55, 100 S.Ct. 915. The *Custis* decision explicitly referred to *Lewis* as a basis for its holding that § 924(e) does not permit collateral attacks at sentencing. *Custis*, —— U.S. at ————, 114 S.Ct. at 1736–37. Thus, it is certainly debatable whether *Custis* announced an entirely "new" rule, or simply articulated a foreseeable and logical extension of the rule announced in *Lewis*. *See Burnom*, 27 F.3d at 284 (noting that the Seventh Circuit had foreseen the *Custis* holding as an extension of the *Lewis* decision).

■ Even if *Custis* can be considered a "new" rule, however, retroactivity of new criminal rules where due process problems do not arise has been required by the Supreme Court since *Griffith v. Kentucky*, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). In that case, the Court found that all "newly declared ... rule[s]" must be applied retroactively to all "criminal cases pending on direct review." *Griffith*, 479 U.S. at 322, 107 S.Ct. at 713; *Harper v. Virginia Department of Taxation*, 509 U.S. 86, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993). The dual policies behind retroactive application are: 1) faithfulness to the nature of judicial review, which precludes the essentially "legislative prerogative" to make laws retroactive or prospective as preferred; and 2) the need to treat similarly situated defendants the same. *Harper*, 509 U.S. at 86–87, 113 S.Ct. at 2512. Under *Griffith*, therefore, so long as retroactive application does not violate the Due Process Clause, *Custis* should govern all other litigation still on direct appeal.

The above analysis has already influenced this court's decisions in the wake of *Custis*. As stated above, the *Custis* holding has been construed to apply with equal force in cases involving sentence enhancement under the federal Sentencing Guidelines and cases involving the ACCA. *See, e.g., Alexander*, 48 F.3d at 1494–95 (finding that *Custis* holding was not limited to ACCA and applied to Guidelines). This court has applied *Custis* retroactively to cases pending on direct appeal where sentencing enhancement based on prior convictions was undertaken pursuant to the Sentencing Guidelines. *E.g., Price*, 51 F.3d 175 (applying *Custis* retroactively to district court's refusal to allow defendant to challenge prior convictions for purposes of sentence enhancement under Guidelines); *Alexander*, 48 F.3d at 1494 (applying *Custis* retroactively and stating that "the government should be permitted to rely on the new ruling [i.e., *Custis* ] to uphold the district court's judgment").

■ To the extent that *Custis* holds that a defendant does not have a constitutional right to collaterally challenge prior convictions at sentencing except on the grounds of denial of the right to counsel, we find no principled basis to distinguish between retroactive application of *Custis* to enhanced sentence cases under the Guidelines and those under the ACCA. *Cf. Burrows*, 36 F.3d at 884 (noting that *Custis*'s constitutional holding regarding the ACCA had parallel effect of overturning Ninth Circuit law concerning prior conviction challenges in Guidelines sentencing); *see also Killion*, 30 F.3d at 846 (stating in dicta that, for purposes of applying *Custis*, "it [is] difficult to detect a principled distinction" between the ACCA and Sentencing Guidelines). In addition, there is little doubt that *Custis*'s renunciation of a statutory basis, either express or implied, in the ACCA for such collateral challenges has similar retroactive effect. First, the effect of the statutory element of the *Custis* holding is indistinguishable from that of the constitutional one for the purposes of due process analysis. Second, it is apparent that this court has already applied *Custis* retroactively in ACCA cases without an explicit treatment

of the retroactivity issue.[13] Our previous decisions have thus prompted the conclusion, albeit without substantial discussion, that the holding in *Custis* that neither the Constitution nor the ACCA provides any right to collateral attacks at sentencing must apply retrospectively. Insofar as we may have chosen in the past not to explicitly state what we have implicitly decided, we now eliminate any ambiguity and hold that the *Custis* decision applies retroactively to all criminal cases, pending on direct review and in which the conviction is not yet final, involving sentence enhancements under 18 U.S.C. 924(e)(1).

 The retroactive application of *Custis* to Ricardo's case negates the basis for his appeal. We note that Ricardo has cited no case authority, and research has uncovered none, for the proposition that a defendant has a viable ineffective assistance claim based on counsel's failure to exercise a right that the Supreme Court, in a subsequent decision found to have retroactive effect, has declared not to exist. On the contrary, retroactive application presumably has the effect of requiring this court to view the circumstances at sentencing in light of the rule announced in *Custis*.[14]

Ricardo's ineffective assistance of counsel claim evaporates along with his right to collaterally challenge his prior convictions. As we conclude there is no right, either statutory or constitutional, to make such challenges, Ricardo cannot make out the showing of either deficient performance or prejudice sufficient for an ineffective assistance claim required under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).[15] The same analysis applies to Ricardo's claim that defense counsel had a conflict of interest that prevented him from raising an ineffective assistance of counsel claim in the post-sentence Rule 35 motion. Further, retroactive application of *Custis* would bar the remedy Ricardo is seeking, namely a remand to the district court to allow him to present his collateral challenges to enhanced sentencing under the ACCA. *See Goodheim*, 651 F.2d 1294 (remanding to the district court to allow defendant to present collateral challenges because Supreme Court's *Lewis* decision barring such challenges was found to be prospective only). We therefore find no basis on which to disturb Ricardo's sentence.

## III.

## CONCLUSION

For the foregoing reasons, the judgment and sentence of the district court are AFFIRMED.

---

**13.** Three decisions from this Court issued within a short time after *Custis* have applied that decision to affirm sentence enhancements under the ACCA, although the opinions have not explicitly addressed the issue of retroactivity. *See Daly*, 28 F.3d 88 (applying *Custis* to ACCA challenge in appeal decided one month after *Custis*); *United States v. Fondren*, 32 F.3d 429 (9th Cir.), *amended and superseded*, 54 F.3d 533 (1994) (same application of *Custis* in appeal decided nearly three months after *Custis*); *Sanchez*, 37 F.3d 1417 (same application of *Custis* in appeal decided four-and-a-half months after *Custis*).

**14.** In cases where this Court has reviewed the refusal of district courts to allow collateral challenges to prior convictions, we have applied *Custis* retroactively and found that the district courts did not err. See *Price*, 51 F.3d at 177 (finding no error in district court's pre-*Custis* refusal to allow collateral attacks at sentencing); *Burrows*, 36 F.3d at 875 (affirming district court's pre-*Custis* failure to consider defendant's motion attacking prior convictions at sentencing).

**15.** Under *Strickland*, to show ineffective assistance of counsel, a party must demonstrate: 1) deficient performance; and 2) prejudice to the defense. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064; *Campbell v. Wood*, 18 F.3d 662, 673 (9th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 2125, 128 L.Ed.2d 682 (1994).