94 F.3d 654
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gerald VAN HOORELBEKE, Defendant-Appellant.
 No. 95-16073.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 16, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Gerald Van Hoorelbeke appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his conviction and sentence following his jury conviction for narcotics and firearms violations. He contends that: (1) his conviction was obtained through the knowing use of perjured testimony; (2) the government withheld exculpatory evidence; (3) the district court erred when it instructed the jury on its duty to follow the law; (4) his felon in possession of a firearm conviction was improperly used to enhance his sentence; (5) his prior state convictions were improperly admitted into evidence; and (6) he received ineffective assistance of counsel. We have jurisdiction pursuant to 28 U.S.C. § 2255. We review de novo, Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995), and we affirm.
 
 I. Perjured Testimony
 
 3
 Van Hoorelbeke contends that his conviction should be reversed because the prosecution knowingly used perjured testimony at his trial. This contention lacks merit.
 
 
 4
 "[I]f the prosecution knowingly uses perjured testimony ... the conviction must be set aside if there is any reasonable likelihood that the false testimony could have affected the jury verdict." United States v. Endicott, 869 F.2d 452, 455 (9th Cir.1989).
 
 
 5
 Van Hoorelbeke's argument is premised on the theory that all of the investigating agents and cooperating witnesses conspired with the prosecution to create a case against him. To support his allegations, Van Hoorelbeke cites various portions of testimony that he contends are inconsistent with either the witness's own testimony or the truth as alleged by Van Hoorelbeke himself. Upon reviewing the record, it is apparent that the alleged inconsistencies proffered by Van Hoorelbeke are at most ambiguities that were vigorously pursued by defense counsel on cross-examination. Cf. United States v. Bischel, 61 F.3d 1429, 1437 (9th Cir.1995) (mere vagueness of or inconsistencies in testimony insufficient to establish witness committed perjury). Accordingly, the district court properly denied him Section 2255 relief on this claim. See id.; Bonin v. Calderon, 59 F.3d 815, 844 (9th Cir.1995) (defendant's declaration that government conspired to introduce perjured testimony was "patently unbelievable"), cert. denied, 116 S.Ct. 718 (1996).[1]
 
 II. Exculpatory Evidence
 
 6
 Van Hoorelbeke contends that the government withheld exculpatory evidence by failing to provide an audio tape of his arrest. The record shows, however, that the government turned over the tape to defense counsel during discovery. See United States v. Endicott, 803 F.2d 506, 514 (9th Cir.1986). Van Hoorelbeke's additional contention, that the fact that the government did not introduce the tape as evidence constitutes proof that it was altered, is without merit. Van Hoorelbeke has offered nothing to support this bald assertion. See Id.
 
 III. Improper Jury Instructions
 
 7
 Van Hoorelbeke contends that the trial judge erred by instructing the jury that it must follow the law "whether you agree with it or not," because the instruction misled the jury into believing it lacked the power to nullify the law. Van Hoorelbeke's argument fails because while jury nullification does occur, it is not to be encouraged through the use of jury instructions. See United States v. Powell, 955 F.2d 1206, 1213 (9th Cir.1991).
 
 IV. Sentencing under 18 U.S.C. § 924(c)
 
 8
 Van Hoorelbeke argues that because being a felon in possession of a firearm is not a crime of violence, he should not have been sentenced for the unlawful use of a firearm in violation of 18 U.S.C. § 924(c). As the district court noted, however, the underlying crime justifying his conviction under 924(c) was his narcotics conviction.[2]
 
 V. Prior Convictions
 
 9
 Van Hoorelbeke's contention that the district court erred by allowing the government to admit into evidence his prior state convictions for kidnapping and escape, also lacks merit.
 
 
 10
 Van Hoorelbeke argues that his priors were inadmissible because at the time he pled guilty to them he was not adequately informed of his constitutional rights. To the extent the prior convictions were admitted for the purpose of establishing the felon in possession charge his contention is foreclosed by Lewis v. United States, 445 U.S. 55, 67 (1980) (constitutionally infirm felony conviction can be used as predicate offense for felon in possession charge); see also United States v. Ricardo, 78 F.3d 1411, 1416 (9th Cir.1996). To the extent the priors were used for impeachment purposes, Van Hoorelbeke has failed to show that they lacked the requisite reliability. The partial transcripts submitted from his 1967 guilty pleas show that he was represented by counsel, cf. Loper v. Beto, 405 U.S. 473, 483 (1972), and that he voluntarily entered into his pleas. See United States v. McWilliams, 730 F.2d 1218, 1224 (9th Cir.1984).
 
 VI. Ineffective Assistance of Counsel
 
 11
 Finally, Van Hoorelbeke's contention that his counsel was ineffective for failing to raise the above issues, lacks merit. Given our disposition of these contentions, Van Hoorelbeke cannot establish prejudice. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir.1989) (applying same standard to appellate representation).
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Van Hoorelbeke's request for oral argument is denied. In addition, because we affirm the denial of relief under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Van Hoorelbeke also contends that his conviction was: (1) obtained through the use of coerced testimony and statements made in violation of Miranda v. Arizona, 384 U.S. 436 (1966) and (2) was the product of an illegal search and seizure. As the district court noted, however, these claims are not supported with relevant argument but are instead a mere continuation of Van Hoorelbeke's perjured testimony claim. See e.g. Acosta-Huerta v. Estelle, 7 F.3d 139, 144 (9th Cir.1992) (claims raised in brief and not supported by argument are deemed abandoned)
 
 
 [2]
 On appeal, Van Hoorelbeke also contends that there was insufficient evidence of gun use and that section 924(c) is unconstitutional in that it is beyond Congress's Commerce Clause powers. Because Van Hoorelbeke did not present these issues to the district court, we decline to consider them here. See United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993)