120 F.3d 269
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Ben WILLIAMS, Defendant-Appellant.
 No. 96-35736.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997**
Decided July 17, 1997.
 
 Before: HUG, Chief Judge, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Federal prisoner Robert Ben Williams appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence for unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Williams contends he was erroneously sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e), and his counsel was ineffective. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We review de novo the denial of a section 2255 motion, see United States v. Harris, 108 F.3d 1107, 1108 (9th Cir.1997), and we affirm.
 
 
 3
 Williams contends the district court erred by using a 1974 state burglary conviction to enhance his sentence, because his counsel was not present at the hearing at which he was remanded from juvenile court to adult court. Williams subsequently pleaded guilty in adult court. This contention is meritless.
 
 
 4
 "[T]here is no constitutional right to collaterally attack the validity of a state conviction in a federal sentencing hearing on any basis other than denial of the right to counsel." See Clawson v. United States, 52 F.3d 806, 807 (9th Cir.1995) (per curiam) (relying on Custis v. United States, 511 U.S. 485 (1994)). Here, even if Williams's counsel was not present at the remand hearing, Williams's burglary conviction was not obtained in violation of his right to be represented by appointed counsel, as Williams was represented by counsel when he pleaded guilty to the burglary charge. Accordingly, the district court did not err in concluding Williams was precluded from collaterally attacking the validity of his prior state conviction at his federal sentencing. See Custis, 511 U.S. at 496-97; Clawson, 52 F.3d at 809.
 
 
 5
 Williams's claim that his counsel was ineffective in failing to collaterally attack his 1974 conviction at his federal sentencing "evaporates right along with his right to collaterally challenge his prior conviction[ ]." See United States v. Ricardo, 78 F.3d 1411, 1418 (9th Cir.1995). Because Williams had no right to make such a challenge, he cannot show deficient performance or prejudice in support of his ineffective assistance claim, as required by Strickland v. Washington, 466 U.S. 668, 687-88 (1984). See Ricardo, 78 F.3d at 1418. Accordingly, the district court did not err in denying Williams's section 2255 motion.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3