127 F.3d 1107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Guy Hubert HALL, Defendant-Appellant.
 No. 96-56311.
 United States Court of Appeals, Ninth Circuit.
 Submitted October 10, 1997.**
Decided Oct. 16, 1997.
 
 Appeal from the United States District Court for the Central District of California Alicemarie H. Stotler, District Judge.
 Before O'SCANNLAIN, FERNANDEZ and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Guy H. Hall appeals the district court's dismissal of his petition for writ of habeas corpus under 28 U.S.C. § 2255. He argues that the district court erred in ruling that his claim pursuant to Fed.R.Crim.P. 11 has already been decided by the Ninth Circuit; that it erred in deciding he has procedurally defaulted on his sentence enhancement claim; and that it erred in holding that he may not in any event bring his sentence enhancement claim pursuant to § 2255. We affirm.
 
 
 3
 Hall claims that his guilty plea for bank robbery was not knowing, voluntary, and intelligently made "because the district court did not inform him during the change of plea hearing of the nature of the offense, as required by Fed.R.Crim.P. 11(c)(1)." However, this issue was previously decided by this Court on Hall's prior appeal. Thus, law of the case precludes relitigation of the issue on this appeal. Law of the case is a "jurisprudential doctrine under which an appellate court does not reconsider matters resolved on a prior appeal." Jeffries v. Wood, 114 F.3d 1484, 1488-1489 (1997) (en banc) Under the law of the case doctrine, one panel of an appellate court will not ordinarily reconsider questions decided by another panel in a prior appeal of the same case. Id. Because Hall's prior appeal completely resolved the question at issue, Law of the case prevents relitigation of the voluntariness of the plea.
 
 
 4
 Petitioner claims his sentence was improperly enhanced by prior allegedly invalid convictions. In Custis v. United States, 511 U.S. 485 (1994), the Supreme Court held that a defendant in a federal sentencing proceeding could not collaterally attack the validity of previous state convictions that are used to enhance his sentence, unless the challenge is based on the right to appointed counsel. Id. at 487. Although Custis dealt specifically with sentences enhanced under the Armed Criminal Career Act ("ACCA"), Id., Custis is also applicable to cases which involve the Federal Sentencing Guidelines. See United States v. Ricardo, 78 F.3d 1411, 1415 (1996) ("Even though Custis dealt with § 924(e) of the ACCA rather than the Sentencing Guidelines, this court has chosen to import its holding to cases involving enhanced sentences under the Guidelines as well." (citations omitted)).
 
 
 5
 In Clawson v. United States, 52 F.3d 806 (9th Cir.1995), we held that "there is no constitutional right to collaterally challenge the constitutionality of a prior conviction for any reason other than deprivation of the Gideon [v. Wainwright] right to counsel." Id. at 809. Thus, Hall is precluded from collaterally attacking his prior state convictions in a § 2255 proceeding. Having concluded that Hall's motion is substantively barred, we need not address the question of whether his claim is barred by procedural default.
 
 
 6
 Because Hall's plea voluntariness issue has been determined by a prior Ninth Circuit panel, and because he cannot collaterally challenge the validity of his prior state convictions in a § 2255 proceeding, we affirm the judgment of the district court.
 
 AFFIRMED
 
 
 **
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir. R. 34-4 and Fed. R.App. P. 34(a)
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3