**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Edward Darnell FONDREN,
Defendant–Appellant.**

**No. 93–50470.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 12, 1994.

Decided Aug. 12, 1994.

As Amended Dec. 19, 1994.

Olivia W. Karlin and Craig Wilke, Deputy Federal Public Defenders, Los Angeles, CA, for defendant-appellant.

Daniel S. Goodman, Asst. U.S. Atty., Los Angeles, CA, for plaintiff-appellee.

Before: POOLE and REINHARDT, Circuit Judges and TANNER,* District Judge.

## ORDER

The opinion filed on August 12, 1994 is hereby amended by deleting the fourth full paragraph at 32 F.3d 429, 430 (9th Cir.1994) and by replacing it with the following paragraph including footnote 1: Editor's Note: Changes incorporated for purposes of publication.

## OPINION

TANNER, Senior District Judge:

Edward Darnell Fondren appeals his sentence after a conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). He was sentenced to the mandatory minimum of fifteen (15) years under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). We have jurisdiction over this timely appeal and AFFIRM.

---

* The Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation.

Fondren raises only one issue on appeal. He challenges the validity of a 1985 California state conviction for robbery. The robbery conviction was used as a predicate felony to qualify Fondren for ACCA status. He alleges that his guilty plea in that case was not voluntary because he was erroneously informed about, and relied upon, his eligibility for Youth Authority placement, and that he was not completely informed about his rights to a jury trial and, therefore, did not voluntarily waive those rights. The district court considered Fondren's arguments and rejected them, holding that the prior plea was constitutionally obtained and considered that conviction in sentencing the defendant under the ACCA.

██ On May 23, 1994, the Supreme Court decided *Custis v. United States*, — U.S. —, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), which has limited a defendant's ability to challenge an underlying predicate conviction under the ACCA at the time of sentencing. *Custis* holds that a defendant has no constitutional right to collaterally attack a state court conviction used to enhance a sentence under the ACCA, at the time of such sentencing, except in the limited circumstance of a conviction obtained in violation of the right to counsel. *Custis*, — U.S. at — — —, 114 S.Ct. at 1738–39. Here, the record indicates that Fondren was represented by counsel on the 1985 robbery conviction. Therefore, under *Custis*, the defendant may not challenge his underlying conviction in this proceeding.

██ The defendant urges that, notwithstanding *Custis*, the Sentencing Guidelines afford an independent source of authority for a collateral challenge to a predicate state conviction at the time of an ACCA sentencing. We disagree. The Guidelines make it clear that Fondren's argument is without merit. Application Note 6 of § 4A1.2 provides that only "sentences resulting from convictions that a defendant shows to *have*

been previously ruled constitutionally invalid are not to be counted" in enhancing sentences. U.S.S.G. § 4A1.2, comment. (n. 6) (Nov. 1, 1990) (emphasis added).[1] A 1993 clarification to the same section of the Guidelines removes any lingering uncertainty. *See* U.S.S.G. § 4A1.2, comment. (n. 6) (Nov. 1, 1993) ("With respect to the current sentencing proceeding, this guideline and commentary do not confer upon the defendant any right to attack collaterally a prior conviction or sentence beyond any such rights otherwise recognized in law....")

██ The defendant further argues that if he can't challenge his prior convictions directly, this court should nevertheless review his claims because he has presented all of the information that he would present in a habeas petition. He takes the position that judicial economy would be advanced by ruling on his contentions now, rather than later. The Court in *Custis* was presented with the same arguments and rejected the position. "If *Custis* is successful in attacking these state sentences, *he may then apply for reopening of any federal sentence enhanced by the state sentences.*" — U.S. at —, 114 S.Ct. at 1739 (emphasis added). We adopt the position advanced by the *Custis* court and decline to transform this appeal of a federal sentence into an appeal from a denial of a writ of habeas corpus.

AFFIRMED.

---

1. Fondren was sentenced under the 1989 version of the Guidelines because that version of the Guidelines was in effect at the time the crime was committed; however, he was sentenced after the effective date of the 1990 amendment. Because the Sentencing Commission states that the 1990 amendment merely clarifies its intent with regard to collateral attacks, the amendment makes clear that the provision in the 1989 version of the Guidelines does not confer an independent right to attack collaterally a prior conviction or sentence. Accordingly, the defendant may not rely upon it in challenging his conviction.