**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Mitchell Lee PRICE, Defendant–Appellant.**

**No. 91–10377.**

United States Court of Appeals,
Ninth Circuit.

March 15, 1995.

As Amended April 21, 1995.

---

Robert W. Rainwater, Asst. Federal Public Defender, Fresno, CA, for defendant-appellant.

George O'Connell (argued), Thomas E. Flynn, and Karen A. Kalmanir, Asst. U.S. Attys., Sacramento, CA, for plaintiff-appellee.

Before: SCHROEDER, NORRIS, and BRUNETTI, Circuit Judges.

BRUNETTI, Circuit Judge:

Appellant Mitchell Lee Price pleaded guilty to armed bank robbery in violation of 18 U.S.C. § 2113 (1988). Acting pursuant to the relevant provisions of the United States Sentencing Guidelines, the district court sentenced Price to a term of 236 months' imprisonment on July 19, 1991. Price challenges his sentence on two grounds: first, that the district court erred in not allowing him in the sentencing proceeding to attack the constitutionality of two prior felony convictions used to enhance his sentence for the instant conviction; and second, that the district court failed adequately to state its reasons for choosing a sentence within a Guidelines range exceeding 24 months in span.

In a memorandum disposition filed July 16, 1993, this court vacated Price's sentence and remanded. We held that our opinion in *United States v. Vea–Gonzales*, 999 F.2d 1326 (9th Cir.1993), controlled the outcome of this appeal. *Vea–Gonzales* held, inter alia, that "the Constitution requires that defendants be given the opportunity to collaterally attack prior convictions which will be used against them at sentencing." *Id.* at 1333. We thus found that the district court here had erred in denying Price such an opportunity before sentencing him under the Guidelines' career offender provision.

On May 31, 1994, the United States Supreme Court granted the government's petition for certiorari, vacated our judgment, and remanded Price's case to us for reconsideration in light of the Court's decision in *Custis v. United States,* — U.S. —, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994). Because *Custis* effectively overruled the pertinent aspect of *Vea–Gonzales,* we withdraw our previous memorandum. We again vacate and remand, but on the far more limited ground that the district court failed adequately to state the reasons for imposing the specific sentence it chose.

### Collateral Attack on Prior Convictions

*Custis* held that defendants who wish to challenge the validity of prior convictions to be used for sentence enhancement have the *constitutional* right to do so only through habeas corpus; the sole constitutionally-mandated exception to this general rule is an allegedly total denial of the right to counsel in the prior proceeding. *Id.* at —, 114 S.Ct. at 1738–39. Should Congress wish to authorize such collateral attacks during the sentencing process itself, the Court continued in *Custis,* it has shown the ability to do so in specific statutes. *Id.* at —, 114 S.Ct. at 1736–37. The Court further held that the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e), neither expressly nor impliedly authorizes such collateral attacks. *Id.* at —, 114 S.Ct. at 1735–37. Since *Custis* did not allege total denial of his right to counsel, the Court determined that he could not challenge his prior convictions in his § 924(e) sentencing proceeding.

■ Price moved to strike his prior convictions on the ground that they had resulted from guilty pleas that were neither voluntary nor knowing. After *Custis,* therefore, the relevant inquiry here is whether Congress has expressly or impliedly provided Price with an opportunity in this federal sentencing proceeding, rather than only through federal habeas corpus, to mount a collateral attack on his prior convictions. We hold that the Congress has not.

The district court sentenced Price pursuant to the Guidelines' career offender provision, § 4B1.1 (Nov. 1990). Given the two prior violent felony convictions on his record, a statutory maximum sentence of 25 years (*see* 18 U.S.C. § 2113(d)), and a two-level reduction for acceptance of responsibility, the district court properly adopted the presentence report's Guideline range of 210 to 262 months.

■ According to its Background Note, § 4B1.1 "implements th[e] mandate" of 28 U.S.C. § 994(h), which directs the United States Sentencing Commission to

> assure that the guidelines specify a sentence to a term of imprisonment at or near the maximum term authorized for categories of defendants in which the defendant is eighteen years old or older and—... (2) has previously been convicted of two or more prior felonies, each of which is—(1) a crime of violence....

Price's prior convictions for assault with a deadly weapon and residential burglary qualified as crimes of violence. *See* Guidelines § 4B1.2(3) & appl. note 2 (Nov. 1990).

■ The legislation authorizing the Guidelines, 28 U.S.C. §§ 991 *et seq.,* does not expressly or impliedly provide defendants with an opportunity to challenge the validity of prior convictions before the sentencing court may count them for career offender calculations. Nor do the Guidelines themselves. *See* Guidelines § 4B1.2 appl. note 4 (Nov. 1990) (provisions of § 4A1.2 "are applicable to the counting of convictions under § 4B1.1"); § 4A1.2 appl. note 6 (Nov. 1990) ("sentences resulting from convictions that ... have been previously ruled constitutionally invalid are not to be counted.") (emphasis added).[1] *See United States v. Jones,* 28 F.3d 69, 71 (8th Cir.1994) (per curiam) (reaching the identical conclusion); *United States v. Jones,* 27 F.3d 50, 52 n. 1 (2nd Cir.) (per curiam) (dictum with same conclusion), *cert. denied,* — U.S. —, 115 S.Ct. 377, 130

---

1. The Guidelines now make this position considerably more explicit: "[T]his guideline and commentary do not confer upon the defendant any right to attack collaterally a prior conviction or sentence beyond any such rights otherwise recognized in law." § 4A1.2 appl. note 6 (Nov. 1993) (parenthetical omitted).

L.Ed.2d 327 (1994). *See also United States v. Fondren,* 43 F.3d 1228, 1229 (9th Cir.1994) (Guidelines § 4A1.2 (Nov. 1990) does not provide an independent source of authority for a collateral attack at the time of an ACCA sentencing).

*Custis* holds that Price has no constitutional right to bring a collateral attack in this proceeding. As we find that he also has no statutory right to do so, we hold that the district court did not err in refusing him the opportunity.

### Explanation of Sentence

■ The presentence report (PSR) determined that the appropriate sentencing range was 210 to 262 months and recommended a sentence at the midpoint of the range, or 236 months. The district court adopted the PSR's recommendations regarding both the overall range and the specific sentence, and sentenced Price to 236 months' imprisonment.

Because the Guideline range exceeded 24 months, the district court was required to "state in open court the reasons for its imposition of the particular sentence, and ... the reason for imposing a sentence at a particular point within the range." 18 U.S.C. § 3553(c)(1). We have interpreted this statute to require the sentencing court to make a statement in open court that expressly considers the sentencing factors set forth in 18 U.S.C. § 3553(a). *United States v. Upshaw,* 918 F.2d 789, 793 (9th Cir.1990), *cert. denied,* 499 U.S. 930, 111 S.Ct. 1335, 113 L.Ed.2d 266 (1991).

The district court here simply accepted the PSR's recommendations regarding the overall Guidelines range. It never stated why it chose 236 months as the appropriate sentence, either in open court or in the judgment's written "Statement of Reasons." The district court thus failed to satisfy the requirements of 18 U.S.C. § 3553. *See Upshaw,* 918 F.2d at 792 (simply adopting the PSR's recommendations regarding sentencing category, without explaining reasons for choosing a particular sentence in the midrange, is insufficient). On remand for resentencing, the district court should render an appropriate statement in accordance with the statute.

VACATED and REMANDED.