77 F.3d 490
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rosendos CISNEROS, Defendant-Appellant.
 No. 95-16231.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1995.*
Decided Feb. 12, 1996.
 
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Rosendo Cisneros appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his 16-month sentence imposed following his jury conviction for conspiracy to distribute cocaine. Cisneros contends that his counsel was ineffective because he: (1) he failed to present an entrapment defense at trial; (2) failed to contest the inclusion of a prior conviction that was used to compute Cisneros's criminal history category; and (3) failed to object to the district court's determination that Cisneros was an organizer pursuant to U.S.S.G. § 3B1.1(c). We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.
 
 
 3
 We review de novo both the district court's denial of section 2255 relief, United States v. Frazer, 18 F.3d 778, 781 (9th Cir.1994), and the legal question of whether a defendant received ineffective assistance of counsel, Smith v. Ylst, 826 F.2d 872, 875 (9th Cir.1987), cert. denied, 488 U.S. 829 (1988). To demonstrate ineffective assistance of counsel, a petitioner must show that his counsel's performance was deficient and that this prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). "A tactical decision ... with which the defendant disagrees cannot form the basis of a claim of ineffective assistance of counsel." Guam v. Santos, 741 F.2d 1167, 1169 (9th Cir.1984).
 
 A. Entrapment
 
 4
 To prevail on his claim that counsel was deficient in failing to present an entrapment defense at trial, Cisneros must show that an entrapment defense would likely have succeeded. See United States v. Keller, 902 F.2d 1391, 1395 (9th Cir.1990). To demonstrate entrapment, the defendant must prove that the government induced him to commit a crime for which he otherwise lacked any predisposition to commit. United States v. Skarie, 971 F.2d 317, 320 (9th Cir.1992). The defendant "must point to undisputed evidence making it patently clear that an otherwise innocent person was induced to commit the illegal act by government agents." Id. (internal quotations omitted).
 
 
 5
 Here, as the district court noted, Cisneros has failed to present any persuasive argument as to why the entrapment defense would have been suitable to present at trial. The record indicates that Cisneros was predisposed to commit the crime--he previously had been convicted of cocaine trafficking and was on probation when the current offense was committed. Moreover, Cisneros instigated the criminal activity by calling the undercover police officer to tell him that he had cocaine available for sale. The government's involvement in this case demonstrated nothing more that a "sting" operation by which Cisneros was "simply provided with the opportunity" to commit the crime. See Jacobson v. United States, 503 U.S. 540, 550 (1992). Given the highly improbable chance of succeeding with an entrapment defense, counsel's failure to raise it does not demonstrate ineffective assistance of counsel. See Strickland, 466 U.S. at 687-88.
 
 B. Criminal History
 
 6
 Cisneros contends that his counsel was ineffective because he failed to contest Cisneros's criminal history category by attacking a prior conviction. Cisneros contends that he had a right to contest the constitutionality of his prior conviction before it could be relied upon for increased punishment.
 
 
 7
 In order to collaterally attack a prior conviction at a federal sentencing proceeding, the defendant must allege that the conviction was obtained in complete violation of the defendant's right to have counsel present at the prior proceeding. Custis v. United States, 114 S.Ct. 1732, 1737-39 (1994); United States v. Morning, 64 F.3d 531, 537 (9th Cir.1995). Cisneros has made no such allegation here.
 
 
 8
 Cisneros's argument that he has a statutory right under 21 U.S.C. § 851 to collaterally attack his prior conviction lacks merit. Section 851 sets forth procedures for attacking prior convictions used to enhance the sentences for section 841 drug offenses. Cisneros, however, was not sentenced pursuant to the enhancement provisions of section 841, but under the Sentencing Guidelines. Thus, the 21 U.S.C. § 851 statutory right to attack the validity of a prior conviction is not applicable to Cisneros. See United States v. Burrows, 36 F.3d 875, 886 (9th Cir.1994); United States v. McDougherty, 920 F.2d 569, 574 (9th Cir.1990), cert. denied, 499 U.S. 911 (1991); see also United States v. Fondren, 54 F.3d 533, 534-35 (9th Cir.1994) (holding that the Guidelines do not provide independent authority for collateral attacks of prior convictions counted in criminal history calculations), cert. denied, 116 S.Ct. 254 (1995).
 
 C. Role in the Offense
 
 9
 Cisneros contends his counsel was ineffective because he failed to object to the adjustment in his offense for being an organizer. This contention lacks merit.
 
 
 10
 The Guidelines allow a two-level upward adjustment in a defendant's offense level if he was an organizer or leader of the criminal activity. U.S.S.G. § 3B1.1(c). The adjustment requires that the defendant supervise or otherwise exercise control over other participants. United States v. Ponce, 51 F.3d 820, 827 (9th Cir.1995). Under U.S.S.G. § 3B1.1(C), a two point increase is appropriate even if only two participants are engaged in the crime. United States v. Carvajal, 905 F.2d 1292, 1295 (9th Cir.1990).
 
 
 11
 Here, the record indicates that the undercover police officer and informant were asked to channel their telephone communications through Cisneros, that Cisneros's residence was used as the meeting site for a possible drug transaction, that Cisneros took the leadership in the preliminary negotiations, and that Cisneros ordered a codefendant to retrieve a sample of cocaine to show to the undercover police officer and confidential informant. We agree with the district court's conclusion that counsel was not ineffective by failing to object to the two-level adjustment. See Strickland, 466 U.S. 687-88.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3