95 F.3d 1159
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Wesley HELMS, Defendant-Appellant.
 No. 95-55985.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 23, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Wesley Helms appeals pro se the district court's order denying his 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence. Helms was convicted, following a jury trial, of armed bank robbery. We review de novo a district court's decision on a section 2255 motion. Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994). We have jurisdiction pursuant to 28 U.S.C. § 2255, and we affirm.
 
 
 3
 Helms first argues that the district court erred when it declined to depart downward on the basis that his criminal history score overstated the seriousness of his criminal history. A district court's discretionary decision not to depart downward is not subject to review on appeal unless the district court based this decision on the belief that it lacked the legal authority depart. United States v. Eaton, 31 F.3d 789, 792-93 (9th Cir.1994). Here, the district court recognized its authority to depart downward, but declined to do so and in denying Helms' request for reconsideration, "once again reaffirm[ed] its decision that a downward departure would be inappropriate in this case."
 
 
 4
 Helms next challenges a three-level increase in his offense level for brandishing, displaying or possessing a dangerous weapon pursuant to U.S.S.G. § 2B3.1(b)(2)(C) on the basis that his codefendant actually possessed the gun. We rejected this argument in virtually identical factual circumstances in United States v. Lipsey, 62 F.3d 1134, 1137 (9th Cir.1995) (five-level increase under 2B3.1(b)(2)(C) appropriate even though defendant allegedly did not agree to codefendant's possession of gun, where defendant leaped over counter and demanded money while codefendant held gun). Moreover, Helms was convicted by a jury of armed bank robbery, an element of which is use of a dangerous weapon or device. See id.; 18 U.S.C. § 2113(a)(d).
 
 
 5
 Finally, Helms contends that the district court should not have categorized him as a career offender pursuant to U.S.S.G. § 4B1.1 because his two prior felony convictions were obtained in violation of his constitutional rights. This contention lacks merit.
 
 
 6
 In order to collaterally attack a prior conviction at a federal sentencing proceeding, the defendant must allege that the conviction was obtained in complete violation of the defendant's right to have counsel present at the prior proceeding. Custis v. United States, 114 S.Ct. 1732, 1737-39 (1994); United States v. Price, 51 F.3d 175, 177-78 (9th Cir.1995) (extending Custis to the career offender provisions of U.S.S.G. § 4B1.1). It is clear from the record that Matthews was represented by counsel at both prior criminal proceedings. Accordingly, he may not collaterally attack these convictions. See Custis, 114 S.Ct. at 1737-39; Price, 51 F.3d at 177-78. In addition, in a prior decision, we held that Helms' 1987 conviction was constitutionally valid. United States v. Helms, No. 92-56533 (9th Cir. Apr. 6, 1994) (unpublished memorandum disposition).
 
 
 7
 Accordingly, the district court's denial is
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Because we affirm the dismissal of the motion under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3