103 F.3d 142
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Terry HARVEY, Defendant-Appellant.
 No. 96-55007.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1996.*
Decided Dec. 6, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Terry Harvey, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his 200-month sentence. Harvey was convicted after pleading guilty to one count of bank robbery and was sentenced as a career offender. We review de novo a district court's decision on a section 2255 motion. Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995). We have jurisdiction pursuant to 28 U.S.C. § 2255, and we affirm.
 
 
 3
 Harvey contends that the district court should not have categorized him as a career offender because his 1980 state conviction was obtained in violation of his constitutional rights. This contention lacks merit.
 
 
 4
 In order to collaterally attack a prior conviction at a federal sentencing proceeding, the defendant must allege that the conviction was obtained in complete violation of the defendant's right to have counsel present at the prior proceeding. Custis v. United States, 114 S.Ct. 1732, 1737-39 (1994); United States v. Price, 51 F.3d 175, 177-78 (9th Cir.1995) (extending Custis to the career offender provisions of U.S.S.G. § 4B1.1); see also Clawson v. United States, 52 F.3d 806, 807 (9th Cir.1995). It is clear from the record that Harvey was represented by counsel at his prior criminal proceeding. Accordingly, he may not collaterally attack this conviction. See Custis, 114 S.Ct. at 1737-39; Price, 51 F.3d at 177-78. Because the record conclusively shows that Harvey is not entitled to relief, the district court did not err by denying his section 2255 motion without first holding an evidentiary hearing. See Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994).
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. In addition, because we affirm the denial of relief under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Harvey's request for a stay pending the outcome of his Rule 60(b) motion is denied, the district court properly concluded it lacked jurisdiction to entertain the motion