**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Justin T. YOUNGMAN, Defendant—
Appellant.**

No. 04–30461.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 5, 2005.

Decided Aug. 18, 2005.

Stephanie Whitaker, Esq., USSP—Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Peter S. Schweda, Esq., Waldo & Schweda, Spokane, WA, for Defendant–Appellant.

Before: THOMPSON, T.G. NELSON, and WARDLAW, Circuit Judges.

MEMORANDUM *

Justin Youngman appeals his 51–month sentence under the United States Sentencing Guidelines. Youngman appeals the district court's decision that he cannot collaterally attack a prior Washington State conviction and the district court's application of the Sentencing Guidelines. We have jurisdiction under 28 U.S.C. § 1291.

Application Note 6 to United States Sentencing Guideline § 4A1.2 does not confer an independent right to challenge a state court conviction collaterally.[1] Accordingly, we affirm the district court's conclusion that Youngman may not collaterally attack his Washington State conviction.

Youngman raised a challenge to the then mandatory Sentencing Guidelines in the trial court. Because Youngman has been subjected to nonconstitutional sentencing error he may seek resentencing under the post-*United States v. Booker* sentencing system.[2] Accordingly, we vacate Youngman's sentence and remand for resentencing consistent with *Booker.*

Sentence VACATED AND REMANDED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *United States v. Burrows,* 36 F.3d 875, 885 (9th Cir.1994); *see United States v. Fondren,* 54 F.3d 533, 534–35 (9th Cir.1994).

2. —— U.S. ——, 125 S.Ct. 738, 769, 160 L.Ed.2d 621 (2005).