**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

JASON WILLIAM SADLER, AKA
Dustin Jay Sweeney,

*Defendant-Appellant.*

No. 21-30277

D.C. No. 2:21-cr-
00084-JLR-1

OPINION

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted November 10, 2022
Seattle, Washington

Filed August 15, 2023

Before: Sandra S. Ikuta and Daniel P. Collins, Circuit
Judges, and Sidney A. Fitzwater,* District Judge.

Opinion by Judge Collins

---

* The Honorable Sidney A. Fitzwater, United States District Judge for
the Northern District of Texas, sitting by designation.

## SUMMARY[**]

### Criminal Law

The panel affirmed the sentence imposed on Jason Sadler following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

At sentencing, Sadler argued that the district court should not consider his prior 2004 federal convictions in determining his sentencing range under the U.S. Sentencing Guidelines because subsequent authority in *Rehaif v. United States*, 139 S. Ct. 2191 (2019) (holding that one of the required elements of a conviction under § 922(g)(1) is that the defendant knew he belonged to the relevant category of persons barred from possessing a firearm), made clear that the guilty plea that produced those prior convictions was not knowing and voluntary, thereby rendering those convictions constitutionally invalid.

The panel held that, under *Custis v. United States*, 511 U.S. 485 (1994), neither the Constitution nor any federal statute granted Sadler a right to collaterally challenge the validity of his 2004 convictions in connection with their use in enhancing his sentence in this § 922(g) prosecution.

The panel also held that the Guidelines' provisions and commentary did not create any such right. Sadler argued that the commentary accompanying Guidelines § 2K2.1 requires that any conviction that is disregarded for criminal history purposes must also be disregarded in applying § 2K2.1(a)(4)(A)'s enhanced base offense level for a felon-

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

in-possession offense that follows a conviction for a crime of violence or drug-trafficking crime. The panel held that, even assuming arguendo that this was correct, the provisions and commentary governing criminal history contained in Chapter 4 of the Guidelines do not require that Sadler's 2004 convictions be disregarded for criminal history purposes. Specifically, the panel held that application note 6 to § 4A1.2(a)(2) requires that, in order not to be counted, a conviction must previously have been ruled invalid in a prior case.

**COUNSEL**

Gregory Geist (argued), Federal Public Defender's Office, Seattle, Washington, for Defendant-Appellant.

Teal L. Miller (argued), Assistant United States Attorney; Jessica Manca, Special Assistant United States Attorney; Nicholas W. Brown, United States Attorney; United States Attorney's Office, Seattle, Washington, for Plaintiff-Appellee.

## OPINION

COLLINS, Circuit Judge:

   After pleading guilty to a single count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), Defendant Jason Sadler argued at his sentencing that the district court should not consider certain prior convictions in determining his sentencing range under the U.S. Sentencing Guidelines.     According to Sadler, subsequent case authority made clear that the guilty plea that produced those prior convictions was not knowing and voluntary,     thereby     rendering     those     convictions constitutionally invalid.     We hold that the district court properly refused to entertain such a collateral challenge to a prior conviction in the context of this federal sentencing proceeding, and that those prior convictions were therefore properly considered in determining Sadler's sentence.     We therefore affirm Sadler's sentence.

## I

   Pursuant to a plea agreement, Sadler pleaded guilty in November 2021 to a single count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). The conviction was based on Sadler's possession of a stolen firearm at the time of his arrest by local police on February 25, 2017, which was after Sadler had incurred two separate felony convictions in state court in the late 1990s as well as additional federal felony convictions in 2004.  In exchange for Sadler's plea, the Government agreed, *inter alia*, to dismiss two additional counts pending in the same indictment as the charge to which Sadler had pleaded guilty. The plea agreement also reflected that, in light of Sadler's promises in that agreement, one local state prosecutor's

office would dismiss related state charges against Sadler and another local office would recommend that an upcoming state sentence be made concurrent to any federal sentence in this case.

As to sentencing, the plea agreement stated that "[t]he parties agree that the appropriate term of imprisonment to be imposed by the Court at the time of sentencing is credit for time served as of the date of sentencing." This agreement as to the recommended sentence was expressly recognized in the plea agreement as not being binding on the district court. *See* FED. R. CRIM. P. 11(c)(1)(B). Although the parties thus agreed that no further imprisonment should be imposed, they also expressly reserved their respective rights to disagree as to the calculation of the applicable sentencing range under the Guidelines.

In its presentence report, the Probation Office concluded that, because the instant felon-in-possession offense was committed after "sustaining one felony conviction of . . . a controlled substance offense," the base offense level was 20. *See* U.S.S.G. § 2K2.1(a)(4)(A). Specifically, in November 2003, Sadler had pleaded guilty in federal court in the Western District of Washington to a four-count superseding indictment that included one count of possession of heroin with intent to distribute and an additional count of possession of cocaine with intent to distribute, both in violation of 21 U.S.C. § 841(a)(1). (The other two counts to which Sadler pleaded guilty in 2003 were for using and carrying a firearm during a drug-trafficking crime in violation of 18 U.S.C. § 924(c) and for possession of a firearm by a convicted felon in violation of 18 U.S.C.

§ 922(g)(1).)   Sadler was thereafter sentenced in 2004 on these four counts to 152 months in prison.[1]

The Probation Office also recommended adding two levels because the firearm Sadler possessed in 2017 was stolen, *see id*. § 2K2.1(b)(4)(A), and then subtracting three levels for Sadler's early acceptance of responsibility, *see id*. § 3E1.1(a), (b).   The Probation Office thus calculated Sadler's total offense level as 19.

As for Sadler's criminal history, the Probation Office concluded that only three of Sadler's numerous convictions would count under the Guidelines' scoring rules.   These consisted of two separate state convictions in 2014 and 2017 that earned a total of four points under the Guidelines, and the   above-mentioned   2004   federal   convictions   that warranted three additional points.   *See id*. § 4A1.1(a), (b). The Probation Office added two points because the instant offense was committed while Sadler was still on supervision under his 2014 state conviction, *see id*. § 4A1.1(d), which resulted in a total of nine criminal history points.   That number of points corresponds to a criminal history category of IV.   With an offense level of 19, and a criminal history category   of   IV,   Sadler's   sentencing   range   under   the Guidelines would be 46–57 months.

In its sentencing memorandum, the Government agreed with the Probation Office's calculations.   Indeed, in the plea agreement, the Government had expressly reserved the right to argue that the base offense level was 20 and that a two-level adjustment for a stolen firearm should be applied. Consistent with its obligation under the plea agreement, the

---

[1] Although Sadler's guilty plea was in 2003, we will refer to the resulting convictions (as the parties do in their briefs) as Sadler's "2004 convictions."

Government recommended a time-served sentence. The Government explained that it recommended a time-served sentence, "rather than a sentence of specific length" within its calculated Guidelines range, because the parties wished to make sure that Sadler would thereby receive credit for all of the time that he had already served in pretrial custody. As the Government noted, Sadler had been in state pretrial custody on related charges from February 2017 until his transfer to federal pretrial custody in May 2021—an extraordinary pretrial detention of "nearly five years." The Government stated that its recommended time-served sentence would amount to approximately a 58-month sentence, which was close to the top of the Government's recommended Guidelines range of 46–57 months.

Sadler's sentencing memorandum took the position that, for purposes of the Sentencing Guidelines, his 2004 federal conviction should be deemed to be "constitutionally invalid" and therefore ignored for all purposes. In an addendum to the presentence report that recounted the parties' respective positions on this issue, Sadler argued that his entire four-count guilty plea in federal court in 2003 was invalid because of an error concerning the felon-in-possession charge. Specifically, Sadler noted that, at the time of his 2003 plea, neither he, his counsel, nor the court had understood that one of the required elements of a conviction under § 922(g)(1) is that the defendant "knew he belonged to the relevant category of persons barred from possessing a firearm," *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019)—which, in the context of his 2004 felon-in-possession charge, would require a showing "that he knew he had been convicted of a crime punishable by more than a year in prison when he possessed the firearm," *United States v. Michell*, 65 F.4th 411, 414 (9th Cir. 2023). Instead, the

controlling law at the time of his 2003 guilty plea was that the relevant "knowledge requirement applies only to the possession element of § 922(g)(1), *not* to the interstate nexus or *to felon status*." *United States v. Miller*, 105 F.3d 552, 555 (9th Cir. 1997) (emphasis added). According to Sadler, a guilty plea based on a misunderstanding of the elements of the offense is not voluntary and intelligent and is therefore "constitutionally invalid." *Bousley v. United States*, 523 U.S. 614, 618–19 (1998). Sadler contended that this error in the understanding of the elements of the § 922(g)(1) charge invalidated the *entirety* of his 2003 plea to all four counts, including the drug-trafficking charges.

Sadler argued that, because his 2003 guilty plea was constitutionally invalid, it could not be considered in calculating his criminal history under application note 6 of § 4A1.2 of the Sentencing Guidelines, which states that convictions that "have been ruled constitutionally invalid in a prior case are not to be counted." And if it is not counted for criminal history purposes, Sadler argued, then it also could not be considered in setting his offense level, in light of application note 10 of § 2K2.1 of the Guidelines. *See* U.S.S.G. § 2K2.1, app. note 10 (stating that, for purposes of applying § 2K2.1(a)(4)(A)'s enhanced offense level for prior drug-trafficking felonies, "only those felony convictions that receive criminal history points under § 4A1.1(a), (b), or (c)" are considered). Accordingly, Sadler argued that his base offense level was 14, his final offense level was 13, his criminal history points were six, his criminal history category was III, and his Sentencing Guidelines range was 18–24 months.

The Government argued in response that Sadler's contentions amounted to an improper collateral attack on his 2004 convictions that should not be considered in the context

of this sentencing. The Government also contended that, had he brought a proper challenge to his 2004 convictions, Sadler "would not have succeeded in collaterally attacking his conviction." Sadler, by contrast, argued that he was "not collaterally attacking his prior conviction," but merely seeking to have the court apply the Guidelines' rules about determining which prior convictions to count for purposes of the Guidelines.

The district court adopted the Government's and the Probation Office's calculation of the Guidelines range, and it therefore concluded that the applicable sentencing range was 46–57 months. With that range in place, the court agreed that a time-served sentence, which the court "calculated . . . at 58 months in custody," was "as appropriate sentence." The court also imposed a term of three years of supervised release. Sadler timely appealed. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.[2]

---

[2] The Government has suggested in a post-argument filing that Sadler's challenge to his underlying sentence is moot. The Government notes that, earlier in 2023, Sadler's supervised release was revoked twice, and in connection with the second such revocation Sadler is now serving a 140-day term of imprisonment to be followed by a new 24-month term of supervised release. As a result, the Government argues, Sadler "is no longer serving" the sentence "that is the subject of this appeal," and any error in calculating his original sentence "would thus not affect the sentence he is now serving." We conclude that the Government—which has cited no authority that would support this mootness argument—has failed to carry its burden to show that the case is moot. "[B]ecause district courts have broad discretion to modify conditions of supervised release" under 18 U.S.C. § 3583(e)(2), *United States v. Bainbridge*, 746 F.3d 943, 948 (9th Cir. 2014), there is a possibility that the district court could reduce or modify Sadler's supervised release terms in light of a correction of the calculation of the sentencing range. This "'possibility of the court's reducing or modifying [Sadler's] supervised release'

## II

Sadler contends that the district court incorrectly calculated his Sentencing Guidelines range as 46–57 months and that the case should be remanded for a resentencing that would take into account his correct Guidelines range, which he says should instead have been 18–24 months.[3] Resentencing is required, Sadler insists, because the district court wrongly used his 2004 federal convictions in calculating his Guidelines range, despite those convictions' alleged constitutional invalidity. In making this argument, Sadler again insists that he does not "seek to overturn, vacate, or collaterally attack" his 2004 convictions. His argument is that, even though his 2004 convictions remain in place, the Guidelines' provisions and commentary dictate that these convictions be disregarded for purposes of the calculation of his sentencing range. We reject this contention.

## A

We begin with some important context about the constitutional and statutory background to Sadler's claim.

We had previously held in *United States v. Vea-Gonzales*, 999 F.2d 1326 (9th Cir. 1993), that "the Constitution requires that defendants be given the

---

satisfies the case or controversy requirement." *United States v. D.M.*, 869 F.3d 1133, 1137 (9th Cir. 2017) (citation omitted). Thus, Sadler's appeal is not moot.

[3] The Government has not contended that the appeal waiver in Sadler's plea agreement precludes him from taking this appeal, nor has it argued that the plea agreement's time-served recommendation should be construed as barring Sadler from arguing for a lower range or a lower sentence. We therefore deem any such contentions to be forfeited. *See United States v. Felix*, 561 F.3d 1036, 1041 (9th Cir. 2009).

opportunity to collaterally attack prior convictions which will be used against them at sentencing." *Id*. at 1333. However, one year later, the Supreme Court held that, except for prior convictions involving the "unique constitutional defect" of "failure to appoint counsel for an indigent defendant," there is no constitutional "right to attack collaterally prior convictions used for sentence enhancement." *Custis v. United States*, 511 U.S. 485, 496 (1994). Accordingly, *Custis* specifically held that a defendant being sentenced for an offense has no constitutional right, in that sentencing proceeding, to challenge prior convictions on the grounds that those convictions involved a "denial of the effective assistance of counsel" or rest on a "guilty plea [that] was not knowing and intelligent." *Id*.

In *United States v. Price*, 51 F.3d 175 (9th Cir. 1995), we addressed the impact of *Custis* on our caselaw after the Supreme Court vacated our earlier decision in *Price* (which had relied on *Vea-Gonzales*) and remanded for reconsideration in light of *Custis*. *See United States v. Price*, 511 U.S. 1124 (1994). We recognized that "*Custis* effectively overruled the pertinent aspect of *Vea-Gonzales*." 51 F.3d at 177. As we explained, "*Custis* held that defendants who wish to challenge the validity of prior convictions to be used for sentence enhancement have the *constitutional* right to do so only through habeas corpus; the sole constitutionally-mandated exception to this general rule is an allegedly total denial of the right to counsel in the prior proceeding." *Id*. Because Sadler's 2004 convictions did not involve a "total denial of the right to counsel," *id*., Sadler has no constitutional right to attack his 2004 convictions in his sentencing proceeding in this case.

We recognized in *Price* that *Custis* left open the possibility that Congress might choose, "in specific statutes," to "authorize such collateral attacks during the sentencing process itself." 51 F.3d at 177. We held, however, that "[t]he legislation authorizing the Guidelines, 28 U.S.C. §§ 991 *et seq.*, does *not* expressly or impliedly provide defendants with an opportunity to challenge the validity of prior convictions before the sentencing court may count them for career offender calculations." *Id.* (emphasis added). Although *Price* made that observation in the context of the sentencing of "career offenders," the same rule applies to the Guidelines' authorizing statute more generally.

The statutory career-offender provision at issue in *Price* requires the Commission to ensure a Guidelines sentence of imprisonment "at or near the maximum term authorized" in the case of certain offenders who have "*previously been convicted* of two or more prior felonies," each of which is either a crime of violence or a drug-trafficking offense. *See* 28 U.S.C. § 994(h)(2) (emphasis added); *see also* U.S.S.G. § 4B1.1 (implementing this directive). Under our decision in *Price*, Congress's directive to enhance the sentence of a person who has "previously been convicted" of specified offenses is thus *not* sufficient to authorize a collateral challenge to those prior convictions. We see no basis for reaching a different conclusion as to the authorizing statute's treatment of criminal history more generally. The Guidelines' use of "criminal history" in setting the applicable sentencing range is based on the statute's general directive that the Commission must consider the "criminal history" of the defendant in establishing sentencing ranges for particular "categor[ies] of defendant[s]." *See* 28 U.S.C. § 994(b)(1), (d)(10). Nothing in the statute's mere use of the term "criminal history" even remotely suggests that

Congress has thereby "expressly or impliedly provide[d] defendants with an opportunity to challenge the validity of prior convictions before the sentencing court may count them" for criminal history purposes. *Price*, 51 F.3d at 177.

*Custis* also makes clear that nothing in 18 U.S.C. § 922(g) authorizes a collateral attack, at sentencing, on prior convictions that are used as sentencing enhancements. The underlying offense at issue in *Custis* was a violation of § 922(g), and the sentencing enhancement at issue involved § 924(e)'s increased penalty for a § 922(g) violator who had three prior convictions of violent crimes or serious drug offenses. *See* 511 U.S. at 487–88. As *Custis* noted, the Court had previously held, in construing a predecessor statute to § 922(g), that nothing in the felon-in-possession statute "suggests a congressional intent to limit its coverage to persons whose convictions are not subject to collateral attack." *Id*. at 492–93 (simplified) (quoting *Lewis v. United States*, 445 U.S. 55, 60 (1980)); *see also Lewis*, 445 U.S. at 67 (holding that a felon-in-possession "prosecution does not open the predicate conviction to a new form of collateral attack"). *Custis* further held that § 924(e)'s enhanced penalty for "'three previous convictions' of the type specified" turns "on the *fact* of the conviction." *Id*. at 490–91. As such, the Court stated, the language of § 924(e) provided no basis for concluding that a prior conviction is "subject to collateral attack for potential constitutional errors before it may be counted." *Id*. at 491. Moreover, as the Court noted, Congress's express definition of the predicate crimes that trigger § 922(g)(1)'s ban on firearms possession generally excludes only convictions that have been "expunged, or set aside or for which a person has been pardoned or has had civil rights restored." *Id*. at 491 (citing 18 U.S.C. § 921(a)(20)). This express statement "that a

court may not count a conviction 'which has been . . . set aside' creates a clear negative implication that courts *may* count a conviction that has *not* been set aside." *Id*.

Accordingly, neither the Constitution nor any federal statute grants Sadler a right to challenge the validity of his 2004 convictions in connection with their use in enhancing his sentence in this § 922(g) prosecution.

## B

Against this backdrop, the question is whether Sadler is right in contending that, even if neither the Constitution nor any federal statute grants him a right to challenge his prior convictions at his sentencing proceeding, the Guidelines' provisions and commentary nonetheless grant him such a right in this case.  We conclude that the Guidelines' provisions and commentary do not create any such right.

As in the district court, Sadler's argument for disregarding his 2004 convictions under the Guidelines rests on a two-step syllogism.  Specifically, Sadler argues that (1) the provisions and commentary governing criminal history contained in Chapter 4 of the Guidelines require that his 2004 convictions be disregarded for *criminal history purposes*; and (2) the commentary accompanying § 2K2.1 requires that any conviction that is disregarded for criminal history purposes must *also* be disregarded in applying § 2K2.1(a)(4)(A)'s enhanced base offense level for a felon-in-possession offense that follows a conviction for a crime of violence or drug-trafficking crime.  Even assuming arguendo that Sadler's second premise is correct, we conclude that his first one is wrong.

As noted earlier, the governing statute directs the Sentencing Commission to consider "criminal history" in

establishing the sentencing ranges for particular "categor[ies] of defendant[s]." *See* 28 U.S.C. § 994(b)(1), (d)(10). That directive is implemented in Chapter 4 of the Guidelines, which provides the rules for determining a defendant's criminal history category, which will then be used to select the relevant sentencing range from the sentencing table. Under Chapter 4, a defendant's criminal history category is generally determined by first totaling, subject to certain limitations and adjustments, the applicable number of criminal history "points" applicable to "each *prior sentence*." U.S.S.G. § 4A1.1 (emphasis added). More serious offenses, involving lengthier prison sentences, receive more points, and shorter prison sentences and non-carceral sentences receive fewer. *Id*. Once the relevant total number of points has been calculated under all of the applicable Guidelines provisions, the criminal history category is the particular category (from I through VI) associated with that point total. A total of zero or one point corresponds to criminal history category I, while a total of 13 or more points corresponds to category VI. *See* U.S.S.G., Sentencing Table.

The Guidelines define a "prior sentence" for these purposes as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial or plea of *nolo contendere*, for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1). The actual Guidelines themselves do not specifically define what counts as an "adjudication of guilt." In particular, except for stating that "expunged convictions are not counted," *see* U.S.S.G. § 4A1.2(j), they do not expressly address whether a conviction that has been set aside, vacated, or impugned should continue to be treated as an "adjudication of guilt" for purposes of the Guidelines. That subject is instead covered by the commentary to the

Guidelines, specifically application note 6.  That note states, in relevant part:

> **Reversed, Vacated, or Invalidated Convictions.**  Sentences resulting from convictions that (A) have been reversed or vacated because of errors of law or because of subsequently discovered evidence exonerating the defendant, or (B) have been ruled constitutionally invalid in a prior case are not to be counted.  With respect to the current sentencing proceeding, this guideline and commentary do not confer upon the defendant any right to attack collaterally a prior conviction or sentence beyond any such rights otherwise recognized in law (*e.g.*, 21 U.S.C. § 851 expressly provides that a defendant may collaterally attack certain prior convictions).

*Id*. § 4A1.2, app. note 6 (emphasis added).

Sadler does not contend that his 2004 convictions have been "reversed or vacated" within the meaning of clause (A) of this application note.  Instead, he argues only that his 2004 convictions "have been ruled constitutionally invalid in a prior case."  According to Sadler, *Rehaif* and *Bousley* are the "prior case[s]" that have effectively "ruled" that his 2004 convictions are "constitutionally invalid."  U.S.S.G. § 4A1.2, app. note 6.  That is true, he argues, because (1) under *Rehaif*, an element of his § 922(g) charge when he pleaded guilty in 2003 was that he knew that he had been convicted of a crime punishable by more than one year in prison, *see* 139 S. Ct. at 2200; (2) under *Bousley*, the

omission of that essential element under then-applicable Ninth Circuit law assertedly renders his guilty plea to that charge in 2003 "constitutionally invalid," 523 U.S. at 618–19; and (3) the invalidity of his plea to the § 922(g) charge in 2003, in his view, invalidates the entirety of his 2003 guilty plea as to all counts, including the drug-trafficking offenses used to enhance his Guidelines range here.  We need not decide whether any of these premises are correct, because none of them provide grounds for disregarding his 2004 convictions in connection with his sentencing here.

As noted earlier, the relevant text of application note 6 effectively construes the phrase "adjudication of guilt" in § 4A1.2(a)(1) as excluding a "conviction[] that . . . ha[s] been ruled constitutionally invalid in a prior case."[4]  By its terms, this latter language requires that the *conviction[]* have been ruled "invalid" in a "prior case," and not merely that there is precedent that, through a process of inference, undermines the foundations on which that conviction rests. The language thus contemplates that the defendant will *first* obtain a "rul[ing]" that his or her conviction is "constitutionally invalid" and then, armed with that "prior" ruling, will thereby establish, without any further showing, that the conviction cannot be counted under the Guidelines. Put another way, the language of application note 6 envisions that the defendant will first file the necessary collateral proceeding to constitutionally invalidate the prior conviction, obtain a favorable ruling, and then simply present that ruling to the federal sentencing court. *Cf. Custis*,

---

[4] Neither Sadler nor the Government has contended that application note 6 reflects an impermissible reading of the relevant language of the Guidelines themselves.  *See Stinson v. United States*, 508 U.S. 36, 42–43 (1993); *United States v. Castillo*, 69 F.4th 648, 655–56 (9th Cir. 2023).

511 U.S. at 497 (stating that defendants remain free to attack their prior convictions in state court or through habeas corpus and *then* apply for relief in connection with a federal sentencing in which those convictions are used as enhancements).   The federal court thus does not *itself* consider the merits of the collateral challenge, but simply gives effect to the ruling in such a previous challenge.

That reading of application note 6 is strongly confirmed by the second sentence of that note, which expressly confirms that, "[w]ith respect to the current sentencing proceeding, this guideline and commentary do not confer upon the defendant any right to attack collaterally a prior conviction or sentence beyond any such rights otherwise recognized in law."  U.S.S.G. § 4A1.2, app. note 6.  As we held in *Price*, the addition of this second sentence to application note 6 in 1993 made it "considerably more explicit" that the Guidelines do not "provide defendants with an opportunity to challenge the validity of prior convictions."  51 F.3d at 177 & n.1.

Under this construction of the Guidelines and its commentary, Sadler's effort to challenge his 2004 convictions here fails.  Sadler cannot point to any ruling from a prior case that *already* has determined that *his conviction* is "constitutionally invalid."[5]   Instead, he has provided only an assortment of arguments by which he

---

[5] As the Seventh Circuit held in *United States v. Gill*, 824 F.3d 653 (7th Cir. 2016), the requisite invalidation of *this* defendant's conviction may take the form of a facial invalidation of a criminal statute, at least where the established effect of such a facial invalidation under the governing law is to render *all* convictions under that statute *automatically* void. *Id*. at 662–63.  Sadler's case does not involve any such facial invalidation of a statute, much less one that automatically voids, without further analysis, all convictions rendered under that statute.

might obtain such a ruling. That is not enough under application note 6. What Sadler seeks is for his *federal sentencing court* to make the "ruling" that his prior conviction is "constitutionally invalid." But that would require his current federal sentencing court to entertain a collateral challenge to his prior conviction, and the Guidelines simply do not authorize any such collateral challenge. Any such right to assert a collateral challenge to a prior conviction at a federal sentencing must come from "rights otherwise recognized in law," U.S.S.G. § 4A1.2, app. note 6, and as we have explained at length, no source of law recognizes any such right here.

For the foregoing reasons, we hold that Sadler had no ability to challenge the validity of his 2004 convictions during his sentencing proceedings below. The district court therefore properly took those convictions into account in determining Sadler's criminal history category, his base offense level, his Guidelines range, and his ultimate sentence. Accordingly, Sadler's sentence is affirmed.

**AFFIRMED.**