**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 24 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CARLOS GUATIMEA AGUIRRE,

Defendant - Appellant.

No. 23-353

D.C. No. 9:21-cr-00052-DLC-1

MEMORANDUM*

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Submitted July 16, 2024**

Before:    SCHROEDER, VANDYKE, and KOH, Circuit Judges.

Carlos Guatimea Aguirre appeals from the district court's judgment and

challenges his guilty-plea conviction and 180-month sentence for possession with

intent to distribute methamphetamine and fentanyl, in violation of 21 U.S.C.

§ 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime,

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

in violation of 18 U.S.C. § 924(c).  Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Aguirre's counsel has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record.  Aguirre has filed a pro se supplemental opening brief and the government has filed an answering brief, to which Aguirre filed a pro se reply.

Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), discloses no arguable issue as to the enforceability of the appeal waiver in Aguirre's plea agreement.  *See United States v. Watson*, 582 F.3d 974, 986-88 (9th Cir. 2009).  The issue Aguirre raises in his pro se briefing as to his criminal history score is covered by the terms of the waiver and, in any event, lacks merit.  *See United States v. Sadler*, 77 F.4th 1237, 1242-46 (9th Cir. 2023) (defendant may not collaterally attack a prior conviction at his sentencing hearing).  Moreover, the district court could not have imposed a sentence below 180 months even if Aguirre's criminal history score had been lower.  *See* 18 U.S.C. § 924(c)(1)(A)(i); 21 U.S.C. § 841(b)(1)(A).

Notwithstanding the waiver, we vacate the standard supervised release conditions included in the written judgment and remand for the limited purpose of permitting the district court to comply with *United States v. Montoya*, 82 F.4th 640

(9th Cir. 2023) (en banc), which was decided during the pendency of this appeal.[1]

On remand, the district court must orally pronounce any standard conditions it

wishes to impose and give Aguirre an opportunity to object to them. *See id.* at 656.

Counsel's motion to withdraw is **DENIED without prejudice** to renewal in

the district court.

**DISMISSED in part, VACATED in part, and REMANDED.**

---

[1] We do not decide whether the appeal waiver applies to this claim. *See United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc) (appeal waivers are non-jurisdictional).