NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 29 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

LARRY OCHOA,

        Defendant - Appellant.

No. 25-1786

D.C. No.
1:08-cr-00262-JLT-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, District Judge, Presiding

Submitted December 8, 2025[**]
San Francisco, California

Before: BUMATAY, JOHNSTONE, and DE ALBA, Circuit Judges.

Larry Ochoa ("Ochoa") appeals the district court's judgment revoking his

fourth term of supervised release. Ochoa argues there was insufficient evidence to

find he violated the terms of his supervised release by having direct contact with

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

minors and failing to comply with his probation officer's instruction. He also argues the probation officer's instruction was unconstitutionally vague and extended beyond the probation officer's authority. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court's judgment.[1]

We review a district court's revocation of a term of supervised release for abuse of discretion. *United States v. Green*, 12 F.4th 970, 973 (9th Cir. 2021). To evaluate the sufficiency of the evidence supporting the revocation, we ask whether, "viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of a violation by a preponderance of the evidence." *Id.* (quoting *United States v. King*, 608 F.3d 1122, 1129 (9th Cir. 2010)). Factual findings are reviewed for clear error, *United States v. Overton*, 573 F.3d 679, 685 (9th Cir. 2009), and the question of "[w]hether a supervised release condition illegally exceeds the permissible

---

[1] The government argues that Ochoa's appeal is moot because a successful appeal would result in Ochoa being placed on supervised release for a longer term and with the same conditions. But "the 'possibility' that the district court may exercise its discretion at a future proceeding to reduce a term or modify the conditions of supervised release under 18 U.S.C. § 3583(e) is sufficient to prevent the case from being moot." *United States v. Livar*, 108 F.4th 738, 743 (9th Cir. 2024) (quoting *Mujahid v. Daniels*, 413 F.3d 991, 995 (9th Cir. 2005)). Because the district court has broad discretion to modify conditions of supervised release, "there is a possibility that the district court reduce or modify [Ochoa's] supervised release terms in light of a correction." *United States v. Sadler*, 77 F.4th 1237, 1241 n.2 (9th Cir. 2023). Thus, Ochoa's appeal is not moot.

statutory penalty or violates the Constitution is reviewed de novo." *United States v. Watson*, 582 F.3d 974, 981 (9th Cir. 2009).

1.      Sufficient evidence supports the district court's finding that Ochoa violated the terms of his supervised release prohibiting him from making direct contact with minors. The district court found that Ochoa was downstairs at some point while the minors were in the house, inferring so from the fact it took minutes for someone to open the door after the probation officer knocked, despite several people sitting in the room next to the front door. This inference—a factual finding which we review for clear error—is supported by a "chain of logic" connecting the probation officer's testimony and the circumstantial evidence, including the eyewitnesses' admission to being in the kitchen at some point during the day in question, where security cameras displayed a live stream of the outside of the house; the delay in opening the door after repeated knocking by the probation officer; and Ochoa's previous warnings from Probation not to have unauthorized minors in his house. *See United States v. Katakis*, 800 F.3d 1017, 1024–25 (9th Cir. 2015). Viewing this evidence in the light most favorable to the government, a trier of fact could reasonably infer that Ochoa was downstairs at some point and ran to his room upstairs when he realized probation was conducting a home visit to try to mitigate the potential consequences of unauthorized minors being in the

house.[2] *See United States v. Rodriguez*, 790 F.3d 951, 957 (9th Cir. 2015).

2. Sufficient evidence also supports the district court's finding that the presence of minors in Ochoa's house violated a clear and valid instruction from a probation officer. Ochoa argues that the probation officer's instruction was unclear because it could have been interpreted as barring minors from staying overnight or living in the house, not as barring Ochoa from being in the house at the same time as minors. But the evidence shows Ochoa understood the probation officer's instruction as prohibiting him from being in the house while minors were present. Following a previous incident when a probation officer discovered an unauthorized minor in Ochoa's house right before he returned from work, Ochoa confirmed with Probation that he and his mother agreed that children would not be in the house after 5:00 PM, when he was expected to return from work. This demonstrates that the probation officer's instruction was "sufficiently clear to inform [Ochoa] of what conduct will result in his being returned to prison." *United States v. Gibson*, 998 F.3d 415, 419 (9th Cir. 2021) (quoting *United States v. Guagliardo*, 278 F.3d 868, 872 (9th Cir. 2002) (per curiam)).[3]

---

[2] Because we find that the district court's inference that Ochoa was downstairs with the minors at some point during their visit is reasonable, we need not address Ochoa's argument that being in the same house, but on a different floor and in a different room than the minors, does not constitute "direct" contact.

[3] Ochoa does not challenge that the district court abused its discretion even if there was sufficient evidence demonstrating that he violated the terms of supervised release and failed to comply with his probation officer's instruction.

Ochoa further argues that, even if the instruction was clear, it was invalid because it would impermissibly punish Ochoa for his mother's decision to permit minors to enter the house. But again, Ochoa's own communications with Probation show he understood that his mother could still invite minors into the house, he just could not be in the house while the minors were there. This means Ochoa understood the instruction as regulating *his* conduct. Thus, there is sufficient evidence to find that Ochoa violated the terms of his supervised release by failing to follow Probation's instruction to not have minors in the house while he was present.

**AFFIRMED.**